## J. SILL STOWELL AND J. DORR STOWELL v. EMORY A. STOWELL.

*Promissory note in aid of railroad construction.*

A promissory note, payable to the treasurer of the Chicago and Canada Southern Railway Company, was made "in consideration of the construction of" the railway through or within half a mile of the village of Dundee "within three years after this date, and the building of passenger and freight depot" at Dundee; and it was made payable "in thirty days after said road and depot are constructed as aforesaid." The articles of incorporation of the railway company named Chicago as one of the termini. The track was laid through Dundee, and the depot put up, but instead of extending the road to Chicago it was connected with other routes at a point beyond Dundee, so as to form a through line. *Held,* that the promise was made to afford aid in constructing the road, and was intended to be payable in case of the completion, as agreed, of the portion built, regardless of the failure to extend it to Chicago within three years, as stipulated.

Error to Monroe.  Submitted Jan. 6.  Decided Jan. 26.

ASSUMPSIT.  Plaintiffs bring error.  Reversed.

*Grosvenor & Landon* for plaintiffs in error.  A contract, if its language is plain, must be carried into effect according to its manifest meaning: *N. A. Ins. Co. v. Throop* 22 Mich. 146; *Strohecker v. Farmer's Bank* 6 Penn. St. 41; *Benjamin v. McConnell* 4 Gilm. 536; *Railroad v. Trimble* 10 Wall. 367; *Collender v. Dinsmore* 55 N. Y. 200; *Huntington v. Dinsmore* 4 Hun. 66; and where the consideration is expressed no other can be proved: 1 Pars. Cont. 430; *Johnson v. Sutherland* 39 Mich. 580.

*C. A. & J. A. Stacy, E. D. Kinne* and *S. C. Randall* for defendant in error.

GRAVES, J.  The plaintiffs brought this action on an instrument of the following tenor:

"$50.                    DUNDEE, MICH., March 5, 1872.

"In consideration of the construction of the Chicago & Canada Southern Railway through or within one-half mile

of the village of Dundee in the county of Monroe, State of Michigan, within three years of this date and the building of passenger and freight depot at Dundee, Mich., I promise to pay to the treasurer of said railway company or bearer, the sum of fifty dollars in thirty days after said road and depot are constructed as aforesaid.

"EMORY A. STOWELL."

The suit was commenced before a justice of the peace and was appealed to the circuit court and under the rulings of the judge a recovery was denied.

The only question which calls for remark arises on the meaning of the contract, and for the purpose of its solution a resort to extrinsic matters resting in parol is not required and should not be allowed. The view taken of the case will be explained briefly. My own opinion may be thus stated : in specifying the Chicago & Canada Southern Railway and in referring to the construction of its road, the parties contemplated not only the identical corporation so named, but also the very road from one point to another as it stood described in the charter. It was regarded as a single and entire work to extend from one fixed and known point to another and hence the writing made no provision for applying the arrangement to anything less or anything different. The locality of these points was not expressed in writing, but it was assumed to be understood. The reference to the corporation and the circumstances connecting the agreement with the charter would authorize a recourse to the latter, when necessary, to show where the road was to begin and where it was to end, and thus afford the contract all needed aid on the subject.

The effect was to render the charter description as completely a part of the instrument in suit as it would have been in case the parties had actually inserted it. According to this theory, which seems to me to be the true one, it would, in my view of it, follow that the things to be performed as preliminary to any right to the $50 were—*first*, the construction within three years of the Chicago & Canada Southern Railway from one charter point to the other; and *second*,

its construction between the *termini* in such manner as that it should pass through Dundee or within half a mile and be there provided with a passenger and freight depot. But this construction of the agreement was not complied with. The charter contemplated that the road to be built should extend from the east line of Monguagon, in Wayne county in this State, to the city of Chicago, and it has been built no further west than Fayette in the state of Ohio, a distance of about seventy miles. It is not denied that in building this section the agreement has been so far observed. The road runs past Dundee and a passenger and freight depot is put up there. It is also true that by connecting with other roads a through line to Chicago is established.

Still, as I regard the contract, the maker of it bargained for something more. His promise required that the whole line should be built, and not merely a section of it, and the claim would not be unreasonable that a distinct and independant road made by the company for the whole distance would promise greater local advantage and a more valuable return for contributions than a short road operated in connection with roads of other companies to complete the line. This opinion agrees with that of the circuit judge.

But my brethren hold that this conclusion is erroneous. In their judgment the case is plainly governed by *Swartwout v. Mich. Air Line R. R. Co.* 24 Mich. 389. They are satisfied that the contract itself, when read in connection with the chartered powers and purposes of the corporation, and with a proper regard for those considerations of practical importance which manifestly actuated the parties, fairly imports that the promise was made to afford aid in constructing the road, and contemplated that the money should be payable in case of the completion as agreed of that part of the line which has been built, and that a construction which would defer the right to call for payment until the whole line should be actually built by the company, or would deny the right to payment in case of failure to construct the road the entire distance to Chicago within three years, would defeat

the intent of the parties and disappoint the manifest object which was meant to be carried out.

As a consequence of this construction the judgment must be reversed with costs and a new trial granted.

The other Justices concurred.