ABRAM SHEAR v. FRANK WRIGHT.

60  159
75  487

*Contract—Performance rendered impossible—When relieves from liability.*

1. "While a contract may be so framed as to make the contracting party *absolutely* bound, at all events, yet such is not the universal rule."

2, Where the continued existence of the *means* of performance of a contract is essential to such performance, and there is nothing in the agreement to indicate a substituted performance as within design of the parties, such continued existence of the means of performance is a condition, without which, in the absence of fault, there can be no liability: 2 Chit. Cont. [11 Ed.] 1076,8.

Error to Wayne. (Chambers, J.) Argued February 9, 1886. Decided February 17, 1886.

Assumpsit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*C. D. Coleman,* for appellant:

It is *only* where the *law* imposes a duty, or an obligation upon a party, that he is relieved from such duty or obligation by the act of God; but where a party, *by his own contract,* engages to do an act, the performance is *not* excused by an inevitable accident, or other contingency, not within the control of the party making the contract.

The performance of the *specified* service was neither *utterly or naturally impossible,* but on the contrary was both *naturally* and *practically possible,* at the time the contract was entered into: Chitty on Contracts, 7 Amer. from 3d Lond. Ed., pp. 59, 734; *Paradine v. Jane,* Aleyn. R. p. 27, cited by Lawrence, Justice, in *Hadley v. Clark,* 8 Term R. p. 267; *McCreary v. Green,* 38 Mich. 179–80; *Harmony v. Bingham,* 12 N. Y. 99, 115; *Tompkins v. Dudley,* 25 N. Y. 272; *Booth v. Spuyten Duyvil Rolling Mill Co.* 60 N. Y. 487; *Wareham Bank v. Burt,* 5 Allen, 113; *School Dist. No. 1 v. Dauchy,* 25 Conn. 530, 536–7; *Phillips v. Stevens,* 16 Mass. 238; *Beebe v. Johnson,* 19 Wend. 500, 502; *Dewey v. Alpena School Dist.* 43 Mich. 480; *Dwight v. Williams,* 4 McLean, 581, 586–7; *White v. Case,* 13 Wend. 544; *Inman v. Western Fire Ins. Co.* 12 Wend. 452; *Brecknock Co. v. Pritchard,* 6 Durn. & East.

750; *Clancy v. Overman*, 1 Dev. and Bat. 402; *Stone v. Dennis*, 3 Porter, 231; *Gilpins v. Consequa*, 1 Peters C. C. 91; *Youqua v. Nixon*, Id. 221.

*Charles B. Lothrop*, for defendant:

The contract, in this case, was an executory one to furnish plaintiff certain services, on request, and as the performance of the agreement became impossible, by causes not arising from defendant's fault, he is excused from such performance. There is a well settled exception to the general rule, that when an express contract is made to do a certain thing, not impossible in itself, performance is not excused by reason of hardship, difficulties, or unforeseen causes, or inevitable accident unless such contingencies are provided for in the contract; namely, that when such performance depends on the continued existence of any specified person or thing, there is a condition, implied by law, in the contract, that in the event of the destruction of this particular person or thing, the contract is at an end, and the party promising is excused from all obligations thereunder: *Taylor v. Caldwell*, 3 Best & Smith, 826 [1863]; *Dexter v. Morton*, 47 N. Y. 63; *Spalding v. Rosa*, 71 N. Y. 40; *School Dist. v. Dauchy*, 25 Conn. 535–6.

CAMPBELL, C. J. Plaintiff sues for a balance alleged to be due on the price of a bull-calf sold to defendant in October, 1882. The price agreed upon is alleged by plaintiff to have been fifteen dollars, and by defendant to have been ten dollars. Six dollars is admitted to have been paid, five at first, and one dollar in subsequent dealings. Four dollars according to defendant, and nine dollars according to plaintiff, remained unpaid. This sum of four dollars, as both agree, was to be paid by services for breeding purposes of a certain bull then mentioned and owned by defendant, or, at plaintiff's election, of the calf when grown. Without any fault of defendant, this performance was made impossible by the death of the calf and an injury to the bull.

So far as the amount of the original price is concerned, the parties are in their oaths directly at variance. There was testimony tending to show that defendant knew plaintiff supposed fifteen dollars to be the price agreed on. It is

also found that on a dispute arising between them, plaintiff proposed to defendant if he would go before a magistrate and make affidavit that he was to pay only five dollars in cash instead of ten, he would forgive him the other five dollars, to which defendant assented, and offered to go, but did not do so, because plaintiff did not start to go with him.

The court below having found that ten and not fifteen dollars was the agreed price, we cannot review that finding of fact, and it is of no consequence what effect this testimony might have had on the mind of any one else.

The only serious question is whether the contract was released by the impossibility of performance.

While a contract may be so framed as to make the contracting party absolutely bound at all events, yet such is not the universal rule. In the present case the services agreed upon could not be rendered under the contract unless one or the other of the two animals could be had for the purpose. Their continued existence entered into the consideration of both parties as an indispensable element of performance. This being so, and there being nothing in the contract to indicate a substituted performance as within the design, the case seems to fall within the rule that under such circumstances the existence of the means of performance is a condition without which, in the absence of fault, there can be no liability. This doctrine is very clearly stated in 2 Chit. Cont. (11th Ed.) 1076, 1078, and the citations. The doctrine is reasonable, and assumes that both parties become interested in the continued existence of the subject of the condition.

While the question is one of some consequence, we cannot but regret that so sharp a controversy has been continued on so small a matter.

The judgment must be affirmed.

The other Justices concurred.