## OTIS R. JOHNSON v. ISAAC L LYON.

75  477
117  678

*Contract—Time of performance—Non-happening of event—Excuse of performance—Pleading.*

1. Where the *time* of performance of a contract, as fixed by the parties, becomes impossible by reason of the non-happening of an event, a contingency not contemplated by the parties, and no other time has been agreed upon, performance is excused.

   So *held*, where, pending an appeal from a circuit court judgment, a party agreed to pay $25,000 not later than the time set by the appellate court for the payment of said judgment, which was reversed by said appellate court, and the case remanded to the circuit court, where a new judgment was rendered.

2. It is not competent, by pleading a change of circumstances from those the parties contemplated and engaged with reference to as to time of performance, which always forms an essential element in every contract, to substitute a new condition and different time.

Error to Wayne. (Gartner, J.) Argued April 19, 1889. Decided June 28, 1889.

Assumpsit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Griffin, Warner, Hunt & Berry,* for appellant.

*F. H. Canfield,* for defendant.

CHAMPLIN, J. This case was submitted upon briefs without oral argument. An amended declaration was filed in the court below, and a demurrer was interposed thereto. The plaintiff joined in demurrer, and upon argument the court entered an order sustaining the demurrer. From the final judgment sustaining the demurrer the plaintiff has brought the case here by writ of error.

The declaration is quite lengthy, and is as follows:

"AMENDED DECLARATION.

"STATE OF MICHIGAN.

"*The Circuit Court for the County of Wayne.*

"COUNTY OF WAYNE—*ss.*

"Otis R. Johnson, plaintiff in this suit, in this his amended declaration complains of Isaac L. Lyon, defendant herein, and thereupon the plaintiff avers:

"For that whereas, prior to and during the year 1867, Titus G. Fish and Abner C. Fish were partners in the business of manufacturing wagons at Racine, state of Wisconsin, under the firm name of Fish Bros., and, becoming embarrassed in said business, and indebted to numerous persons, including one Jerome I. Case, who was a relative of said Fish Bros., and apparently desirous of aiding and assisting them in said business, made an arrangement with said Case, whereby, among other things the said Case was to buy the outstanding indebtedness of the said Fish Bros., and they were to transfer to him their assets, and Case was to allow them to run and manage the business for him, and as his agents, and they were to manufacture the stock on hand, and to market the same, until they should be able and should pay the advances so made by Case, with interest, together with the indebtedness owing to him, and all expenses, after which the remaining assets and properties, if any, should be returned and belong to said firm of Fish Bros.

"And whereas, in pursuance of said agreement, the busi-

ness was continued and carried on under the name of Fish Bros., agents, until sometime in the year 1871, when one Edwin B. Fish acquired an interest of one-eighth of the interest of said Fish Bros. in the said business, and afterwards, to wit, in 1874, Abner C. Fish sold and transferred his interest in the business, so that the former interest of Fish Bros. in said business became that of Titus G. Fish, Edwin B. Fish, and John C. Huggins, and was afterwards conducted and carried on under the name and style of Fish Bros. & Co., agents.

And whereas, afterwards, to wit, in the year 1880, a contest arose between the said Fish Bros. & Co. and the said Jerome I. Case, as to the proper construction and interpretation of the original agreement of 1867, and of the rights of the respective parties thereunder, and the amount which said Case was entitled to receive, and when the same was payable, which resulted in a litigation commenced by the said Case as plaintiff, in the year 1880, in the circuit court for the county of Racine, a court of general jurisdiction in the state of Wisconsin, against Titus G. Fish, Edwin B. Fish, and John C. Huggins, as defendants; being substantially claimed on the part of Case that said agreement of 1867 constituted him the owner of the business, with the right on the part of Fish Bros. & Co. to receive the same back upon repayment of said Case's advances therein, and claimed by Fish Bros. & Co. that said agreement was a transfer of property by way of security, and establishing between the parties thereto the relation of creditor and debtor only.

"And whereas, at or about the time of commencement of said suit, to wit, in December, 1880, Case obtained an injunctional order against the defendants, and gave notice to creditors of the business, among other things, that the agency had been revoked, and that he refused to be further bound by any act or contract of the said Fish Bros. & Co.; and thereafter, though said litigation was pending, the said Fish Bros. & Co , under their claimed interpretation and meaning of the agreement of 1867, and assuming and asserting a large and valuable interest in said business over and above the interest by way of security or otherwise of the said Case, continued to carry on and conduct the business under the name and style of 'Fish Bros. & Co.'

"And whereas, afterwards, to wit, in the latter part of the year 1882, the said circuit court for Racine county adjudicated substantially, among other things, that the relation between the said Case and Fish Bros. & Co., under the agreement of

1867, and the continuance and conduct of the business thereafter, was in legal effect that of creditor and debtor, and entered a judgment in favor of Case and against Fish Bros. & Co. for a large sum of money, to wit, the sum of more than eighty thousand dollars, and which by the terms of said judgment was to be paid within a certain time, to wit, within seventy days from the date thereof, from which said judgment of said circuit court both parties appealed to the supreme court of the state of Wisconsin.

"And the plaintiff avers that during the pendency of said appeal, to wit, in the month of January, 1883, one Stephen S. Lyon entered into negotiations with said firm of Fish Bros. & Co. to purchase a one-eighth interest of the interest of said Fish Bros. & Co., in the business aforesaid, acquired by said Fish Bros. & Co., hereinbefore particularly set forth, whatever that interest might then be, or should thereafter be determined to be; and afterwards, to wit, on the twenty-fourth day of January of the same year aforesaid, it was then and there agreed by and between said Fish Bros. & Co. and said Stephen S. Lyon that said one-eighth interest of the interest of the said Fish Bros. & Co. in the business aforesaid should be sold by said Fish Bros. & Co to said Stephen S. Lyon, and bought by him, for the sum of fifty thousand dollars; and it was part and parcel of said agreement that said Lyon should furnish, and said Fish Bros. & Co. should accept, as a first payment upon said purchase, the obligation of said Isaac L. Lyon, the defendant herein, to pay the sum of twenty-five thousand dollars, and that said obligation should be received and treated by said Fish Bros. & Co. as so much cash paid upon said purchase.

" That thereupon, with full knowledge of said negotiations and agreement, and for the purpose of making said first payment upon said purchase, said defendant made, executed, and delivered to said Fish Bros. & Co., of Racine, aforesaid, a certain obligation in writing, bearing date the twenty-sixth day of January, 1883, in the words and figures following, to wit:

" 'DETROIT, Jan'y 26, 1883.

" ' MESSRS. FISH BROS. & CO.,—

" '*Gents:* In accordance with your proposition to Stephen S. Lyon, of Racine, Jan'y 24th, 1883, I will guarantee to pay you twenty-five thousand dollars not later than the time set by the supreme court of Wisconsin for the payment of the Case judgt; you to furnish me, if I require it, Fish Bros. & Co. paper for fifteen thousand dollars, to

be used by me as accommodation paper, to be provided for and paid by me.

"  'Yours truly,

"  'I. L. LYON.'

"Wherein and whereby said defendant undertook and agreed to pay to said Fish Bros. & Co., in part payment for the said one-eighth interest, the sum of twenty-five thousand dollars, as therein provided; that said obligation in writing was duly accepted by said Fish Bros. & Co. as and for the sum of twenty-five thousand dollars of said purchase price; and thereupon, relying upon said written obligation of the defendant, said one-eighth interest of the interest of said Fish Bros. & Co. in the business aforesaid was actually sold, transferred, and made over by said Fish Bros. & Co. to Stephen S. Lyon, and he became the owner thereof.

"Plaintiff further avers that, in considering the time within which payment of the said written obligation was to be made, it was contemplated by the said Fish Bros. & Co., and the said Stephen S. and Isaac L. Lyon, that the supreme court of Wisconsin, in determining the various questions arising on the appeal aforesaid, would, among other things, adjudicate and fix the time within which the said Fish Bros. & Co. should pay to the said Jerome I. Case, the said sum of more than eighty thousand dollars, or such other sum, if any, as the supreme court should decree to be payable to the said Case, as was done in the said circuit court for the county of Racine, as hereinbefore alleged; and it was the purpose of the parties aforesaid that the payment of said written obligation would create and constitute a ready fund with which to pay, in whole or in part, the said amount, if any, which said supreme court should determine to be payable to the said Case; and the provision in said obligation for payment, 'not later than the time set by the supreme court of Wisconsin for the payment of the Case judgment,' was inserted in view of this expectation and purpose of the parties aforesaid.

"That afterwards, to wit, in May, 1883, the supreme court of Wisconsin reversed said judgment of said circuit court, and remanded the cause to said circuit court for a restatement of the account between the parties thereto, in accordance with the opinion of said supreme court; and said supreme court did not at any time fix the time of payment to be made to the said Jerome I. Case of any sum or sums whatever, but left the said circuit court to grant such relief as might be necessary for the protection and security of the rights of the parties, including the methods and times of

payment to be made to said Case of whatever sum or sums should be found to be due to him upon a restatement of said account, and to determine and control all other matters of detail under instructions given in said opinion of said supreme court.

"Plaintiff further avers that said cause was thereupon remanded to said circuit court, and afterwards, to wit, on October 16, 1883, the said circuit court, for the further protection of the rights of the parties, appointed said Jerome I. Case receiver of the property and assets of said Fish Bros. & Co.; and thereupon the property, assets, and business of said Fish Bros. & Co., and all the right, title, and interest of said Fish Bros. & Co. in and to the business hereinbefore particularly set forth and described, was duly transferred, under the order and directions of said court, and in accordance with the practice thereof, by the said Fish Bros. & Co. to said receiver; that among other things so transferred was said written obligation of the defendant; that afterwards, to wit, sometime in the year 1884, the said circuit court for the county of Racine, acting under and in pursuance of the instructions of said supreme court, rendered a judgment in favor of said Case, and against the defendants in said suit, for a large sum of money, to wit, the sum of more than $200,000, and said defendants were given, by the terms of said judgment, six months from the entry thereof to pay said sum; and the plaintiff avers that the said circuit court is the only court that at any time has fixed the time within which either the first or the last Case judgment should be paid; and that, in view of the facts aforesaid, the said written obligation became due and payable, at least within a reasonable time after the determination of the controversy, and the final judgment in said circuit court, and after the expiration of the time fixed by the said circuit court for the payment of said Case judgment; and that more than a reasonable time has elapsed, and no part of said written obligation has yet been paid, nor has the said sum of twenty-five thousand dollars agreed to be paid as part of the purchase price of the said one-eighth interest of the interest of Fish Bros. & Co. in said business hereinbefore particularly set forth, or any part thereof, been paid by the said Stephen S. or Isaac L. Lyon, or any other person.

"Plaintiff further avers that afterwards, to wit, in September, 1885, said Jerome I. Case resigned as receiver, aforesaid; that his resignation was accepted, and Ahira W. Hall was, in said cause, appointed by said circuit court his succes-

sor, and the said written obligation of the said defendant was, among other things, transferred by said Jerome I. Case as said first receiver to said Ahira W. Hall as his successor, and said written obligation was taken possession of by said Hall as said second receiver; that afterwards, to wit, in December, 1886, the said Hall, as second receiver, being duly authorized, thereupon, by the order of said circuit court, did transfer and set over the said written obligation of said defendant to the said plaintiff, and the said plaintiff is now the owner, holder, and possessor thereof.

"Plaintiff further avers that, after the rendition of said judgment in said circuit court as hereinbefore particularly set forth, and after the expiration of the time fixed by said circuit court for the payment of the same, to wit, before the commencement of this suit, in January, 1887, said Fish Bros. & Co. fully satisfied the claims of said Case adjudged by the said circuit court to exist against them; and the said Case judgment so rendered by the said circuit court as aforesaid was satisfied, and said judgment canceled and discharged; and the title to said written obligation of said defendants, so far as it required any confirmation, was then and there confirmed and ratified by said Fish Bros. & Co., as being and existing in said plaintiff.

"And the plaintiff further avers that the said defendant never, at any time, required of said Fish Bros & Co., the accommodation paper mentioned in said written obligation; that, by reason of the premises aforesaid set forth, said defendant became liable to pay said plaintiff the sum of money in said written obligation named, and, being so liable, promised to pay the same; yet the said defendant has not paid the same, or any part thereof,—to the plaintiff's damage fifty thousand dollars; and therefor he brings suit, etc.

"GRIFFIN, WARNER, HUNT & BERRY,
"Attorneys for Plaintiff."

The causes for demurrer were specified as follows:

"1. That it does not appear from said declaration that the time mentioned in the obligation or guaranty therein set forth, and alleged to have been made and executed by said defendant for the payment of $25,000, has elapsed, or that said obligation or guaranty has become due or payable, or that any right of action has accrued to the plaintiff therein.

"2. That it appears from said declaration that time for the payment of the Case judgment referred to in said alleged

obligation has not been fixed by the supreme court of Wisconsin, and that the aforesaid obligation or guaranty has not become due or payable.

"3. That it does not appear from said declaration that the said plaintiff has any cause of action against the defendant.

"4. That said declaration is uncertain and argumentative in its averments as to the time when said alleged obligation was intended to become due and payable.

"5. That the averment of said declaration, respecting the time when said alleged obligation was intended to become due and payable, is contradictory of the terms of said alleged obligation as set forth in said declaration, and that said declaration is therefore in this and in other respects repugnant."

In support of the demurrer the defendant contends that the obligation or agreement which is the foundation of the action is in its nature a guaranty, and defendant is entitled to stand upon the very letter of his contract, and is not to be held liable unless he is made so by the very terms of his agreement; that the declaration does not show that the time for the payment of the $25,000 mentioned in the guaranty has elapsed, or that any cause of action had accrued at the time the suit was commenced; that it is clear from the language of the obligation that the $25,000 was to be paid within the time, or at the expiration of the time, fixed by the supreme court of Wisconsin for the payment of the Case judgment; that the fixing of such time was made either a condition precedent to the defendant's liability to pay the $25,000, or a contingency upon which the liability depended.

If it was a condition precedent, defendant contends it must be strictly fulfilled; and, if it was a contingency, it had the effect of suspending the right to the performance of the promise until the occurrence of the contingent event, and defendant's liability cannot be enforced without showing that the liability has occurred.

In support of the foregoing contention the counsel for defendant cites Anson, Cont. *295–*298; 1 Story, Cont. § 27; 2 Benj. Sales, § 753; *Brogden v. Marriott*, 2 Bing. N. C.

473; *Worsley v. Wood,* 6 Term R. 710; Wald's Pol. Cont. 356; *Gill v. Vogler,* 52 Md. 663; *Mosher v. Railway Co.,* 127 U. S. 390 (8 Sup. Ct. Rep. 1324).

Defendant further insists that the declaration shows that the judgment which was referred to in the guaranty sued upon was the judgment for $80,000, which had been rendered by the circuit court, and appealed to the supreme court; that the parties did not intend or refer to any other judgment which might be rendered in the suit; neither did the parties contemplate that any court except the supreme court of Wisconsin should fix the time for paying that judgment, and that such is the allegation.

On the part of the plaintiff it is pointed out that no absolute time is stated when the payment should be made; that the words " not later " are used. Counsel for plaintiff admit that the supreme court of Wisconsin did not absolutely fix the time for the payment of the then Case judgment, but it directed the circuit court, under certain instructions, to make a restatement of the account between the parties; and in pursuance of such direction it is averred that the circuit court decreed the sum of $200,000 be paid by Fish Bros. & Co. to Case within six months from the entry of the judgment; that it is averred that the six months have expired, and that a reasonable time has elapsed, and neither Stephen S. Lyon nor Isaac L. Lyon has paid the said sum of $25,000, or any part thereof, although the Case judgment has been paid and satisfied.

That, construing the averments together, it is not a reasonable construction of the contract between the parties to hold that it is a condition precedent to the payment of the $25,000 that the supreme court should absolutely fix the time for the payment of the Case judgment; that there is not such necessary connection between the two events that the court should hold that, in case there should be a failure, as counsel for plaintiff admit there has been in this case, in

the supreme court literally to fix the time, therefore there should be no payment by Lyon for his interest in the business.

That the declaration avers that it was contemplated by the parties at the date the contract was entered into that the supreme court would, among other things, fix and determine the time for the payment of the Case judgment, which was then pending in the supreme court of Wisconsin; that the supreme court, contrary to the expectation of both, reversed the judgment, and sent the case back to the circuit court, which afterwards fixed the time; and counsel insist that, by a proper construction, the time set by the circuit court under the direction of the supreme court should be considered as the time for the payment, or else a reasonable time for the payment would be implied in case of a technical failure of the supreme court to fix the time.

The question presented for our decision is whether the declaration describes the contract and sets forth the undertakings of defendant according to their legal effect. The contract of guaranty signed, by defendant on its face shows that it does not embrace the whole agreement between the parties. The contract entered into is set out in the declaration, with its surrounding circumstances, and the situation of the parties with reference to the subject-matter is detailed with minuteness. The defendant can only be called upon to perform his contract according to its legal effect. It is admitted that the parties entered into the contract, and stipulated for the time of performance, with reference to the time which should be fixed by the supreme court of Wisconsin for Fish Bros. & Co. to pay a certain judgment in favor of Case. Instead of fixing a time for the payment of such judgment, the court, without the fault of the defendant, reversed such judgment, and remanded the case to the circuit court for a restatement of the account on the basis laid down in the opinion. The account was restated in the circuit

court, and a judgment rendered in favor of Case, and a time fixed for its payment.

It appears from the allegations of the declaration that the time of performance agreed upon by the parties has become impossible by reason of the failure of the court to fix a time for the payment of the Case judgment,—a contingency not contemplated by the parties. They contracted upon the basis of the continued existence of the judgment appealed from in some form and to some amount. The condition is implied that, if the performance becomes impossible from the reversal of the judgment, performance should be excused; for the parties have agreed upon no other time of performance, and courts cannot make or supply defects in contracts which the parties themselves have neglected to provide for. 2 Chit. Cont. (11th Amer. ed.) 1076; *Shear v. Wright*, 60 Mich. 159 (26 N. W. Rep. 871).

This case is the same upon principle as the case cited by Mr. Chitty at page 1075, where the purchaser of a house agreed to pay a certain sum in addition to the purchase money, provided the pavement in front of the adjoining houses should be laid down by a specified time. It was held that, inasmuch as the pavement was not laid down by that time, he could not be called upon to pay the money, although the delay was occasioned by the badness of the weather. *Maryon v. Carter*, 4 Car. & P. 295.

The time fixed for performance in this case failed without any fault of the defendant.

It is not competent, by pleading a change of circumstances from those the parties contemplated and engaged with reference to as to time of performance, which always forms an essential element in every contract, to substitute a new condition and different time. The failure to perform within the time alleged is not the failure to perform within the time required by the contract; nor is it the same in legal effect. It is not the same to agree to pay $25,000 not later than the

time set by the supreme court of Wisconsin for the payment of the Case judgment, that it is to agree to pay $25,000 not later than the time set by the circuit court of Racine county to pay a judgment which should be thereafter rendered in favor of Case. We cannot judicially know that the new time for payment fixed by the pleader will be a benefit or an injury to the defendant. It is enough that it stands admitted that it is not the contract he entered into.

The judgment of the circuit court must be affirmed.

MORSE, CAMPBELL, and LONG, JJ., concurred. SHERWOOD, C. J., did not sit.