95   505
,101   262
95   505|
_116   678|

HENRY A. GARDNER v. THOMAS WALSH.

*Contract—Railroad aid note—When payable.*

A note given for the purpose of aiding in the construction of a railroad, and in consideration of the benefits to be derived therefrom, and payable when the road is constructed and the cars are running thereon between two designated points on the

line, is payable when that condition is performed, although the remainder of the road is not built when suit is brought on the note; citing *Stowell v. Stowell*, 45 Mich. 364; *Railroad Co. v. Johnson*, 55 Id. 456.[1]

Error to Bay. (Cobb, J.) Submitted on briefs April 7, 1893. Decided May 31, 1893.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*C. E. Pierce*, for appellant.

*Hatch & Cooley*, for plaintiff.

MONTGOMERY, J. The plaintiff sued and recovered as indorsee and assignee of the following contract:

" $25.     WEST BAY CITY, MICH., Aug. 15, 1888.
" For the purpose of promoting and aiding the construction of the Battle Creek & Bay City Railroad, and in consideration of the benefits to be derived therefrom, I do hereby promise and agree to pay to the order of George H. Young, trustee, the sum of twenty-five dollars, payable when the road is constructed and the cars are running thereon from Midland to West Bay City, Michigan.

"THOMAS WALSH."

It appears that that portion of the road from Midland to West Bay City was constructed before the institution of this suit; that for the period of three months trains were run over that portion of the road by the Battle Creek & Bay City Railroad Company, commencing on the 27th day of December, 1888; that thereafter no trains were run upon said road until it came into the hands of the Michigan Central Railroad Company, under a lease; and that the latter company commenced running its road under such lease the 17th of June, 1890, and has since continuously operated the same. It further appears that no work has

---

[1] For cases involving the construction of railroad aid notes, see *Sickels v. Anderson*, 63 Mich. 421; *Brown v. Estate of Dibble*, 65 Id. 520; *Railroad Co. v. King*, 68 Id. 111.

been done upon the other portion of the road, between Midland and Battle Creek, except a survey.

It is contended by the defendant that the consideration has failed; that the consideration was not the construction of a road from Midland to West Bay City, but was the benefits to be derived by the construction of the Battle Creek & Bay City Railroad, which means its construction for the entire length. It is further contended that the time for the payment of the note, as expressed, being "when the road is constructed and the cars are running thereon from Midland to West Bay City, Michigan," should be construed to mean, not the time when that portion of the road from Midland to West Bay City should be constructed, and the cars running between said points, but when the entire road should be constructed, and cars running between the points named.

We think it clear that the true construction of the agreement makes it payable when that portion of the road between Midland and West Bay City is completed, and the cars are running thereon. In this case, as in *Stowell v. Stowell*, 45 Mich. 364, a construction which would defer the right to call for payment until the whole line should be actually built by the company would defeat the intent of the parties, and disappoint the manifest object which was meant to be carried out. Adopting this construction, the contract is precisely like that considered in *Railroad Co. v. Johnson*, 55 Mich. 456; and, on the authority of that case, it must be held that the construction of the entire road was not a condition precedent to recovery. In that case it was claimed that, inasmuch as the consideration for the promise was the construction of the whole line of road named in its articles, and as the plaintiff failed to show performance in that respect, it could not recover. The Court said of this contention:

"The agreement is to pay on or before six months from the time the first cars run over the road from Ann Arbor to Toledo.    This shows that payment was not to be deferred until the whole line was completed."

As the sole defense in this case was a total failure of consideration, and as we have seen the construction of the entire road is not a condition precedent to recovery, it becomes unnecessary to consider what the rights of the defendant might be under a different state of the pleadings, or in an action against the company for a breach of contract.

Judgment will be affirmed, with costs.

The other Justices concurred.