HENRY A. GARDNER v. BYRON BURCH.

101  261
116  678

*Contract—Railroad aid note—Construction—Performance of condition.*

A note given for the purpose of aiding in the construction of a railroad between two designated cities, *via* an intermediate city, and payable upon the first arrival of a regular passenger train at such city from another intermediate city, is payable when that condition is performed, although nothing has been done towards the construction of the remainder of the road, except to make a survey of the line; citing *Gardner v. Walsh*, 95 Mich. 505, and cases there cited.

Error to Midland.    (Dodds, J.)    Argued April 24, 1894. Decided June 26, 1894.

*Assumpsit.*    Plaintiff brings error.    Reversed.    The facts are stated in the opinion.

*Hatch & Cooley,* for appellant.

*M. J. Gue* and *William D. Gordon,* for defendant.

GRANT, J.    Plaintiff's suit is based upon the following note:

"$30.00.            MIDLAND, MICH., July 18, 1888.
"For value received, and in consideration that the

Battle Creek & Bay City Railway Company will construct a railroad from Bay City to Battle Creek, *via* the city of Midland, I hereby promise and agree to pay to the order of said company the sum of $30, at the State Bank of Midland, Michigan, upon the first arrival of a regular passenger train at Midland from West Bay City, over the road of said company, provided such passenger train shall so arrive on or before the 15th day of January, 1889.

"BYRON BURCH."

The road from West Bay City to Midland was constructed, and passenger trains commenced to run over it December 27, 1888, since which time regular daily trains have been run. . The road, however, was not completed from Midland to Battle Creek, and, at the time of the trial, nothing had been done towards its construction except to make a survey of the line. The court directed a verdict for the defendant.

It is argued in behalf of the defendant that the consideration for the note was the construction of the entire road, and the running of a regular passenger train from West Bay City to Battle Creek, and that these were conditions precedent to the right of recovery. Three similar contracts have been before this Court for construction, in the following cases: *Stowell v. Stowell,* 45 Mich. 364; *Toledo & Ann Arbor R. R. Co. v. Johnson,* 55 Id. 456; *Gardner v. Walsh,* 95 Id. 505. In *Stowell v. Stowell,* the note was as follows:

"In consideration of the construction of the Chicago & Canada Southern Railway through or within one-half mile of the village of Dundee, in the county of Monroe, State of Michigan, within three years of this date, and the building of passenger and freight depot at Dundee, Mich., *I promise to pay to the treasurer of said railway company, or bearer, the sum of $50 in 30 days after said road and depot are constructed as aforesaid.*"

In *Railroad Co. v. Johnson,* as follows:

"For the purpose of promoting and aiding the construction of the Toledo, Ann Arbor & Northern Railroad,

and in consideration of the benefits to be derived therefrom, *I do hereby pledge and agree to pay to the order of the Toledo, Ann Arbor & Northern Railroad Company the sum of $100, payable in six months after the first cars run over the road from Ann Arbor to Toledo. Payable on or before the above time specified, without interest."*

In *Gardner v. Walsh,* as follows:

"For the purpose of promoting and aiding the construction of the Battle Creek & Bay City Railroad, and in consideration of the benefits to be derived therefrom, *I do hereby promise and agree to pay to the order of George H. Young, trustee, the sum of $25, payable when the road is constructed and the cars are running thereon from Midland to West Bay City, Michigan."*

In all these cases the right of recovery was sustained, notwithstanding that the road in each case was not completed. We think they are conclusive in the present case. While the language of each contract is different, still in each the *termini* were fixed, and it was contemplated that the road should be eventually completed between them. But it was held that the notes became due before that time. In the present case it is clear that a complete construction before payment was not in the minds of the parties. The only condition precedent was the construction of the road from West Bay City, which was not a terminus, to Midland, another intermediate station. To complete the road to Bay City would require the building of a costly bridge, with a draw, over the Saginaw river. The expression "the first arrival of a regular passenger train at Midland from West Bay City, over the road of said company," cannot, under the facts, be fairly construed to mean the running of a train over the entire length of the road. This was an aid note, and the time of payment was limited to the running of a regular train between the two places named. Had the completion of the entire road been in contemplation, the parties certainly would have used other language to indicate their purpose than the

provision for the arrival of a regular train from one station to another.

We pass no opinion upon the question of recoupment, as, under the instruction of the court, it is not before us.

Judgment reversed, and new trial ordered.

The other Justices concurred.