## JORDAN v. NEWTON.

RAILROAD-AID NOTE—CONSIDERATION—CONDITION PRECEDENT.

A promissory note reciting that it is given in consideration of the construction of a certain railroad, and the completion and operation of the same by a specified date, makes the provision as to time a condition precedent to liability on the note, a nonperformance of which renders the note void.

Appeal from Berrien; Coolidge, J. Submitted April 5, 1898. Decided May 6, 1898.

Bill by Francis Jordan, trustee, against John C. Newton and others, as assignees of certain railroad-aid notes executed by Abel W. Wells and others, impleaded in the suit, to determine as to the ownership of the notes. Complainant died pending decree, and Orville O. Jordan, his executor, was substituted as complainant in his stead. From a decree declaring the notes invalid, defendant assignees appeal. Affirmed.

*N. A. Hamilton,* for complainant.

*Edward Bacon* ( *Cahill & Ostrander,* of counsel), for appealing defendants.

*Lawrence C. Fyfe,* for other defendants.

MOORE, J. The circuit judge filed a written opinion in this case, which so clearly states the questions involved that I quote as much from it as is necessary to an understanding of the case:

"The bill of complaint was filed by Francis Jordan in his lifetime as a bill of interpleader, setting forth that on September 8, 1888, there was deposited with him, as a trustee and in escrow, a package of 84 notes executed by different parties, and made payable to the treasurer of the Indiana & Lake Michigan Railway; that said notes were identical with each other in the time and

conditions expressed, except the words expressing the amounts payable; and that such notes were executed shortly before such deposit. A specimen copy of such notes reads as follows:

"'ST. JOSEPH, BERRIEN COUNTY, MICH., ——, 1888.

"'In consideration of the construction of a standard-gauge railroad by the Indiana & Lake Michigan Railway Company from South Bend, Indiana, to St. Joseph, Michigan, and making said St. Joseph the terminus of said Indiana & Lake Michigan Railway, and the completion and operation of said railroad by November 1, 1889, I promise to pay to the treasurer of said road, or bearer, the sum of ——, in 30 days after said road is constructed as aforesaid; this contract to be held by the president of the Union Banking Company until the construction of said road as above. ————.'

"The bill further alleges that the said Francis Jordan delivered to John Higman, at the time of said deposit of said notes, a receipt, which reads as follows:

"'ST. JOSEPH, MICH., September 8, 1888.

"'I have received this day from Fred Carlisle, per committee, consisting of Dr. L. I. McLin, Warren Ballengee, and John Higman, Jr., the following railroad notes, said notes payable to Ind. & Lake Mich. R. R. Company upon completion of said road as per contract.'

"Here follows list of names with amounts opposite. At the end of the list of names is the following:

"'ST. JOSEPH, MICH., September 8, 1888.

"'I hereby certify that I have received this day from the parties above named, in trust for the parties interested, exclusively at their own risk.

"'UNION BANKING CO.'

"The bill further alleges that in November, 1889, a large portion of the signers of said notes demanded of the complainant the surrender to them of said notes, on the ground that certain conditions precedent therein contained had not been performed by the Indiana & Lake Michigan Railway, and that the consideration thereof had failed; that he refused to deliver them to such signers; that subsequently Milton Wood, John C. Newton, Daniel H. Newton, and John W. Welch demanded of him, the complainant, the surrender of such notes to them, claiming to be the assignees of said Indiana & Lake Michigan

Railway, and that they were legally entitled to the possession of said notes; that complainant refused to deliver said notes, or any of them, to the parties so demanding; that subsequently said Wood, John C. Newton, Daniel H. Newton, and Welch instituted an action of trover against him in the circuit court for the county of Berrien, claiming damages for the conversion of said notes, which action is still pending; that he asks the intervention of a court of equity to determine what parties are entitled to the possession of said notes; that the various parties may be called upon to defend their respective claims, and complainant be released from further expense and trouble of litigation in the matter. All the parties interested, together with the Indiana & Lake Michigan Railway, are made parties to the bill, and all have appeared and answered except said railway, and the case has been heard in open court on pleadings and proofs. The defendants Wood and others, who claim to be the assignees of said railway, in their answer claim that the conditions of the notes have been substantially complied with, and that the signers of the notes, for various reasons, are estopped in a court of equity from asserting a failure of consideration, or that the conditions expressed in the notes have not been complied with. The signers of the notes, in answering, claim that the conditions set forth in the notes were conditions precedent; that they were never complied with; and that the consideration has wholly failed."

The circuit judge then made further findings of fact, which, because of our view of the law, it is unnecessary to state. Among other things, he found:

"By the condition of the notes, the road was to be constructed and in operation by November 1, 1889. It was not constructed until December 19, 1889. No train passed over that road until that date, and it is not contended by anybody that the road was actually constructed till that date. It was not in operation till August, 1890. No trains ran over it, except a few construction trains, and a few trains conveying officers of the road for purposes of inspection, till that date. No business of transportation which could be of any utility to the citizens of St. Joseph was done till August, 1890."

This finding was fully justified by the record. The circuit judge held that the completion and operation of the

road by November 1, 1889, was a condition precedent, and made a decree adjudging the notes in controversy null and void, and directing their surrender to the makers, and granted costs to the complainant, and to the defendants who are appellees here.

A great many questions were argued before the circuit judge, and were passed upon by him, and they are very ably argued here by eminent counsel. A reading of the notes indicates to our minds very clearly that, when they were given, it was expected that, before the makers should become liable, the road must not only be constructed, but it must be completed and in operation by November 1, 1889. It is now urged that time is not of the essence of the contract; that what the makers of the notes wanted was the road, and time is immaterial; and as the road is now built, and more than 30 days have elapsed, they are now liable. It is also said that equity does not deem time to be of the essence of the contract. In relation to the last statement, it may be said that, while this is a suit in equity, the complainant has no interest in the result, except to have it decided to whom he shall deliver the notes. The controversy is between the makers of the notes and those who seek to enforce the payment. The real question is, Can they be collected at law? In a discussion of this case, it must not be forgotten that there is no promise on the part of the railroad company that it will construct the road at all. It also ought not to be overlooked that, when the road is constructed, it continues to be the property of the railroad, and no part of it becomes the property of the makers of the aid notes. They had a right to put into these notes such conditions precedent as they desired; and, where they have made the condition clear and unambiguous, before they can be held liable upon the notes the condition precedent must be performed.

If the road, by the terms of this agreement, is not to be completed and in operation by November 1, 1889, no time is fixed for its completion and operation. It is incredible that the makers of these notes intended to be-

come liable for their payment, without having some time fixed when the road should be completed. They fixed a time in the notes. This time was a condition precedent, and, before the makers of the notes can be held liable, it must be shown that the conditions have been performed. *Brown* v. *Dibble's Estate*, 65 Mich. 520; *Sickels* v. *Anderson*, 63 Mich. 421; *Port Huron, etc., R. Co.* v. *Richards*, 90 Mich. 577; *Thornton* v. *Railroad Co.*, 84 Ala. 109 (5 Am. St. Rep. 337); *Slater* v. *Emerson*, 19 How. 224; *Jones* v. *U. S.*, 96 U. S. 24; *Lowber* v. *Bangs*, 2 Wall. 728; *Johnson* v. *Lyon*, 75 Mich. 477; *Loud* v. *Pomona, etc., Water Co.*, 153 U. S. 564. The following, in addition to the cases cited above, are cases in this State involving litigation in relation to notes given in contemplation of the construction of railroads: *Michigan, etc., R. Co.* v. *Bacon*, 33 Mich. 466; *Tower* v. *Railroad Co.*, 34 Mich. 328; *Stowell* v. *Stowell*, 45 Mich. 364; *Pontiac, etc., R. Co.* v. *King*, 68 Mich. 111; *Gardner* v. *Walsh*, 95 Mich. 505; *Gardner* v. *Burch*, 101 Mich. 261. In none of them is it held that the makers of the notes are liable where the conditions are unperformed which the makers of the notes have in unambiguous language incorporated in them.

The decree is affirmed. The complainant and appellee defendants will recover costs, including but one solicitor's fee, from the appellant defendants.

The other Justices concurred.