In his lifetime Edward Louis Roy became engaged to Marie Clark, plaintiff. She claims that on July 26, 1932, she promised to marry Roy on July 8, 1933, in consideration of his giving her his note for $12,000 payable on July 26, 1933, 18 days after the contemplated marriage. Roy died on February 22, 1933. Notwithstanding the fact that plaintiff did not see Roy during his last illness nor attend his funeral, we must accept the record's showing that she remained true to her promise and the marriage would have taken place had not Roy's death intervened. The note was for a good consideration as it was given in return for a contemporaneous promise of marriage. The sole question arises whether, while a contract is still executory, a *Page 8 
change of circumstances, brought about without fault of either party and not contemplated by either party, making performance of the contract impossible, discharges the parties from further performance. The promissory note, while complete in itself, was nevertheless executory. The doctrine of impossibility of performance has been frequently applied in the law of contracts. In Shear v. Wright, 60 Mich. 159, plaintiff sued for the balance alleged to be due on the price of a bull calf sold to the defendant. Four dollars was to be paid by services for breeding purposes of a certain bull owned by defendant or of a bull calf when grown. Without any fault of defendant, this performance was made impossible by death of the calf and injury to the bull. The sole question was whether the contract was released by the impossibility of performance. The court held:
"While a contract may be so framed as to make the contracting party absolutely bound at all events, yet such is not the universal rule. In the present case the services agreed upon could not be rendered under the contract unless one or the other of the two animals could be had for the purpose. Their continued existence entered into the consideration of both parties as an indispensable element of performance. This being so, and there being nothing in the contract to indicate a substituted performance as within the design, the case seems to fall within the rule that under such circumstances the existence of the means of performance is a condition without which, in the absence of fault, there can be no liability. * * * The doctrine is reasonable, and assumes that both parties become interested in the continued existence of the subject of the condition." *Page 9 
In Nicol v. Fitch, 115 Mich. 15, the court in a dictum said that the death of a party under a contract of marriage discharges the contract.
Wilson's Administrator v. Nolen, 200 Ky. 609 (255 S.W. 267, 34 A.L.R. 80) is very similar to the instant case. While the court did state that the note was given in consideration of an agreement to marry then and theretofore made, nevertheless it based its decision upon the discharge of the contract by subsequent impossibility. On the question of consideration and subsequent impossibility, the court said:
"As we interpret the (lower) court's conclusions of law, its judgment was primarily based upon the view that the promise of the plaintiff to marry Wilson was at the time, and yet is, a sufficiently valuable consideration to support the note and uphold the judgment. That a promise of a woman to marry a man is at the time a valuable consideration is not to be denied; but the question raised here goes far deeper than that. Although the promise at the time is a valuable consideration, yet, where the contract between the parties is from its very nature an executory one, and contemplates future performance as the consideration, and before the time comes for that consideration to pass, and before it has passed, unforeseen things happen which are not brought about by either of the parties involved, and it thereby becomes impossible for the contract to be performed by either party, then there has come about a state of things not contemplated by either, and which, relating back to the original transaction, destroys the original consideration, or, as it is sometimes said, brings about a total failure of consideration.
"It was not the bare promise of appellee to marry decedent that induced the execution of the note; it was the benefits he expected to realize in the future when that promise was carried out. The contract on *Page 10 
its face was executory in its nature; the benefits to be derived by the obligor in the note as its consideration were all to be performed by appellee in the future, and before the time came for their performance, and by the intervening death of Wilson, not superinduced by any act of his, the carrying out of her promise — the real consideration — was made impossible of performance."
The judgment for defendant rendered by the trial judge is affirmed, with costs to defendant.
NORTH, C.J., and FEAD, WIEST, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.