## The Michigan Midland & Canada Railroad Company v. Thaddeus W. Bacon.

*Railroads: Voluntary subscriptions: Acceptance: Performance of conditions: Binding contracts.* Voluntary subscriptions in aid of a proposed railroad, when accepted and the road completed in accordance with the conditions of the promise, become valid and binding contracts.

*Parties: Promise to company, its successors or assigns: Consideration.* Where the promise is to an existing company, its successors or assigns, the completion of the road by its successor, to whom it had assigned all its franchises and property, including such subscription, will enable the latter to enforce the promise in its own name; the building and opening of the road is the essence of the agreement.

MICHIGAN MIDLAND & CANADA R. R. CO. *v.* BACON.

*Voluntary subscriptions to railroad: Change of location.* Though there might be such a change in the location of the line of the road as would warrant the person making the promise in withdrawing it, where it would be apparent that he would lose the advantages which he expected to accrue to him from the building of the road, the evidence in this case in that regard did not make out a valid defense on that ground.

*Submitted on briefs January 19. Decided April 11.*

Error to St. Clair Circuit.

The instrument sued upon in this case reads as follows:

"$100            ST. CLAIR, MICH., Oct. 10, 1871.

"For value received I promise to pay the Michigan Midland Railroad Company, its successors or assigns, the sum of one hundred dollars, sixty days after said railroad is open for traffic from St. Clair to Ridgeway Station.

(Signed)            "T. W. BACON."

*Atkinson Bros.,* for plaintiff in error.

*Hoyt Post* and *Ashley Pond,* for defendant in error.

MARSTON, J:

This case in its main features resembles and must be governed by *Stevens v. Corbitt, supra, p. 458.* It is further insisted in this case that the promise was made to the Michigan Midland Railroad Company, which never finished the road or opened it for traffic. That company, after the contract in this case was made, commenced the construction of the road, but being unable to complete the same, it made an assignment in November, 1873, to plaintiff in error, of that portion of the road referred to in the agreement of Bacon, together with all its franchises and property of, in and to said portion of the road, and a further assignment of the agreement sued upon was afterwards made. The plaintiff in error, therefore, became the successor and assignee in that portion of the Michigan Midland Railroad Company's road and franchises, including the agreement in question. Bacon promised to pay that company, its successors or assigns, and

we know of no legal impediment in the way of enforcing the agreement which he made. From a reading of his agreement it would appear to have been a matter of small importance to him what corporation built the road and opened it for traffic, if it was only built and opened. It was the building and opening which was considered the essence of the agreement.

It is also suggested that at the time the agreement was obtained the road was surveyed and located about half a mile from defendant's farm, and that he said, at the time the note was given, he would aid in building the road on that account, but that the road was afterwards changed and built across his premises, which was a damage to him. There undoubtedly might be such a change made in the location of the line of a road as would warrant the party making the promise in withdrawing it, where it would be apparent that he would lose the advantages which he expected to accrue to him from the building of the road. We are not prepared to say, however, that the change in this case was of that nature. There was no such condition in the agreement itself. Indeed the court does not find that what was said upon that subject at the time of entering into the agreement was considered at all material, or was any thing more than a mere casual remark. Nor does it appear that defendant made any objections to the proposed change, or made any effort to withdraw his promise of aid on that account. Besides, if the change was any injury to him on account of running across his lands he had a remedy for such damages as he suffered thereby, independent of this agreement.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.