DETROIT, LANSING & LAKE MICHIGAN RAILROAD COMPANY
v. WILLIAM A. STARNES.

*Railroad subscriptions—Parol evidence to explain a contract.*

A number of persons signed a paper reciting that as A had proposed
to construct a railroad from Ionia to Stanton in consideration of
the right of way and $3000 a mile of local subscription, they
promised to give their notes to the Ionia & Stanton Railroad
Company for the amounts set opposite their names.    The com-
pany was not then organized nor the line of the road fixed.    In
a suit on one of the subscriptions it was *held* that proof of the
circumstances attending the agreement might be given, and that
the plaintiff might show that owing to the high lands near the
city it had not been contemplated by the parties that the road
would be built to the corporate limits of Ionia, but that the line
of a previously constructed road was to be used for some dis-
tance; and the nature of the ground might be shown as a
reason why a particular route could not be chosen.

In an action upon a subscription to a specified railroad company,
evidence was given tending to show that the company had been
consolidated with another and that business had since been done
in the name of the consolidated corporation by which suit is
brought.    *Held* that it was fair to presume, in the absence of a
contrary showing, that the new organization had elected a board
of directors, whereby the right to the subscription had been
transferred to it.    Comp. L., § 2447.

Error to Ionia.    Submitted April 12.    Decided April 16.

ASSUMPSIT.    Plaintiff brings error.

*Mitchel & Pratt* for plaintiff in error.    Parol evidence
is sometimes admissible to explain a written agreement,
1 Greenl. Ev., § 2868;  *Bradley v. W. A. & G. S. P. Co.*,
13 Pet., 89;  *Norris v. Showerman*, 2 Doug. (Mich.), 16;
*Cahill v. Kalamazoo Ins. Co.*, id., 124;  *Ives v. Kimball*,
1 Mich., 308;  *Facey v. Otis*, 11 Mich., 213;  *Hubbard v.
Miller*, 27 Mich., 15;  *Garton v. Union City Nat. Bank*,
34 Mich., 279;  2 Phil. Ev. (Cow. & H. notes), 598-606;
*Knight v. New England Worsted Co.*, 2 Cush., 271;  *Phelps
v. Bostwick*, 22 Barb., 314;  *Spencer v. Babcock*, id.,

326; *Emery v. Webster*, 42 Me., 204; *Farmers etc. v. Com'l Bank*, 15 Wis., 428; *Miller v. Travers*, 8 Bing., 244; *Tower v. Det., Lans. & L. Mich. R. R.*, 34 Mich., 328.

*Wm. O. Webster* and *A. F. Bell* for defendant in error. Parol testimony cannot be admitted to explain, modify, enlarge or contradict writings, *Mott v. Richtmyer*, 57 N. Y., 58; *McCormick v. Huse*, 78 Ill., 363; 1 Spence Eq. Jur., 556; the intention of the instrument must be gathered from the words, *Adair v. Adair*, 5 Mich., 210; *Jones v. Phelps*, id., 222; *Martin v. Hamlin*, 18 Mich., 353; unless they are equivocal, *N. A. F. Ins. Co. v. Throop*, 22 Mich., 150.

MARSTON, J.    An action was brought to recover upon the following instrument:

"James F. Joy having proposed to construct a railroad from Ionia to Stanton in consideration of the right of way and three thousand dollars per mile of local subscription, to be secured by endorsed paper payable within one year from the laying down of the track, we, the undersigned, hereby agree in consideration thereof to give our note to said Ionia & Stanton Railroad Company, endorsed by good endorser or endorsers, payable as aforesaid, for the amount set opposite our respective names hereto subscribed.

[Signed]     W. A. STARNES, $2000."
(And by 72 others.)
Ionia, June 14, 1872.

Plaintiff among other things offered to prove what Mr. Joy's proposition was in reference to building said road, which proposition had been made before the execution of said instrument.    Plaintiff also offered to show that owing to the high lands adjoining the city of Ionia on the north, and the great expense of constructing a railroad through and over the same, it was not contemplated by the parties at the time this paper was signed that the road would be constructed to the corporate limits of said city, but that the line of another railroad which had previously been constructed and was

then being operated should be used, for some three or four miles and then branch off to Stanton.

This evidence was finally rejected by the court and a verdict and judgment was rendered for the defendant.

We are of opinion that this evidence should have been admitted. The instrument sued upon was dated June 14th, 1872, and at that time no company had been organized to build this road. If there had been the articles of association might have definitely fixed the line of the road and concluded the parties. In the absence of such the defendant must have signed this instrument in view of the propositions made in reference to the construction of this road. This comes clearly within the decision in *Phelps v. Whitaker*, 37 Mich., 77, and *Detroit v. Robinson*, ante, p. 108.

There is still another ground upon which the evidence would have been admissible. The instrument recited the proposal to construct a railroad from Ionia to Stanton, and the agreement was to give "our notes to said Ionia & Stanton Railroad Company." No such company being in existence at that time the the promise necessarily was to give the notes to said company when thereafter organized, and there were no restrictions which could in any way prevent the company from adopting just such a line of road as its officers and managers should deem proper, provided it ran from Ionia to Stanton.

Proof of the surrounding circumstances should also have been admitted. An agreement to build a railroad from A to D, ordinarily would leave a choice of routes open, and parties may subscribe in view of the adoption of some particular route, on account of the supposed benefits they would derive therefrom, where if another and essentially different route was adopted, they would not be willing to give anything. *Mich. Midland & Canada R. R. Co. v. Bacon*, 33 Mich., 466. The location of a large body of water or any other practically insurmountable obstacle or obstruction in the way of a

proposed line may well be shown as a reason why the contemplated road was not intended to start at a particular point and run in a particular direction. Nor can we see any legal objection to a company availing itself of the track of another company for a portion of the distance where by so doing the material points aimed at may the more easily be reached.

We are also of opinion that there was evidence in this case sufficient from which the court or jury might have found that the plaintiff had a right to bring and maintain this action. There was evidence introduced tending to show the consolidation of these companies in December, 1872, and it was admitted that such consolidated corporation had been doing business under the new name since the date of such consolidation. The court may well presume under such circumstances, in the absence of any showing to the contrary, that there had been an election of a board of directors of the new organization, which under the statute would transfer to and vest in the new corporation the subscription in question. Comp. L., §§ 2447.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.