JOB D. SICKELS AND ELIJAH W. COBB v. JAMES C. ANDERSON.

63  421
116  678

*Donation note for construction of railroad—Liability of maker.*

Defendant gave a donation note, "payable one day after the grading shall be done, and the ties on the ground, sufficient for the road-bed of the Owosso and Northwestern Railroad, between Owosso and Elsie." The road was not built, but some eleven years afterwards another company built a railroad between the points named, "partly on the old line, and partly on a shorter and more direct line," and the payees, who were contractors on said old road, sued on the note.

*Held,* that the construction of the road-bed mentioned in the note was a *material* part of the contract, without which the defendant was not liable, and judgment should have passed in his favor.

Error to Clinton.   (Smith, J.)   Argued October 22, 1886. Decided October 28, 1886.

Assumpsit.   Defendant brings error.   Reversed.   The facts are stated in the opinion.

*A. D. Griswold* and *S. B. Daboll,* for appellant.

*A. W. Scoville* (*Spaulding & Barker,* of counsel), for plaintiffs.

MORSE, J.   Plaintiffs sued defendant upon the following obligation:

"ELSIE, July 6, 1872.

"For value received, we jointly and severally promise to

pay Sickels & Cobb, or bearer, fifty dollars, with interest for one year, payable one day after the grading shall be done, and the ties on the ground, sufficient for the road-bed of the Owosso & Northwestern Railroad, between Owosso and Elsie.

"J. C. ANDERSON.

"JOHN WILSON."

The undisputed evidence shows that a railroad company, known as the Owosso & Northwestern Railroad, was projecting and working upon a line of road from Owosso to Elsie, in Clinton county. Both Anderson and Wilson were living in Elsie, and desirous of having said road completed.

They gave, previous to the date of the above agreement, a donation of $50 to said road, which gift was evidenced in a writing of some kind, which does not appear in the record.

The Owosso & Northwestern Railroad was indebted to the plaintiffs for ties furnished said road, and, in part payment of such indebtedness, Anderson and Wilson gave the obligation sued upon to plaintiffs, the first agreement being canceled and destroyed.

In 1872 the Owosso & Northwestern Railroad quit work upon the road-bed, and nothing more was done upon the same until 1883, when the Toledo & Ann Arbor Railroad Company went to work upon the old road-bed, completing the road, so that cars ran between Owosso and Elsie in the spring of 1884. The road completed by the new company did not run all the way upon the old line, but ran in a direct and shorter route, using some of the old road-bed.

After the Owosso & Northwestern road apparently abandoned the work, a portion of the road-bel during the eleven years was plowed up and cultivated by farmers along the line.

There is no proof that the Owosso & Northwestern road had any existence, as a company, after 1872, or that there was any meeting of the directors.

There is no showing by what right or authority the Toledo & Ann Arbor Company used this road-bed, except the testi-

mony of a witness who swears that, when this company first began work upon the road-bed, the old company claimed the line, and that he afterwards heard they had sold out to the Toledo & Ann Arbor road.

Thereupon the court directed the jury to find a verdict for the plaintiffs, and judgment was entered against the defendant for $53.53.

The court said to the jury:

" I am of the opinion that it is not material what railroad company graded and furnished ties for the road-bed. It seems to me the only question is whether the grading was done, and the ties furnished, in a reasonable time. . It is my impression that all the question I shall submit to the jury is whether the road-bed was put in condition, graded, and the ties put there in a reasonable time. That, I think, is an open question, and, perhaps, should be submitted to the jury. Now, gentlemen, do you desire to talk to the jury on that question?

"*Mr. Daboll.* We should like an opportunity to address the jury—*First*, upon the question of reasonable time; and, *second*, as to whether the conditions of the contract have been complied with; and, as to this question, we think your honor cannot properly take it from the consideration of the jury. We ask that this question be submitted to the jury with the other question as to reasonable time.

"*The Court.* We will treat your requests as made and refused, and give you your exceptions; and, upon further examination of the authorities, I am inclined to direct a verdict for the plaintiffs."

We think the court erred. The contract sued upon in this case grew out of a donation to the Owosso & Northwestern Railroad. By its terms, the defendant agreed to pay $50 one day " after the grading shall be done, and the ties on the ground, sufficient for the road-bed of the Owosso & Northwestern Railroad, between Owosso and Elsie." The grading has not been done on the road-bed of this company. Another company, after twelve years, has built a road between Owosso and Elsie, it is true; but counsel for plaintiffs can only claim that it is "partly on the old line, and partly on a shorter and more direct line." There is no legal evidence that the Toledo

& Ann Arbor Company has in any manner succeeded to the rights, or taken the place of, the original company, or that it has any connection whatever with such company, excepting the using—whether as trespassers or otherwise we are not informed—of a part of the road-bed mentioned in the contract.

The defendant cannot be held except upon his contract, which was upon condition of the grading of the old bed. He might be willing to pay for a road upon that line, and not for another that only used a part of it.

The road-bed mentioned in this case was a material part of the contract, and in this it differs from the one construed in *Michigan, M. & C. R. R. Co. v. Bacon,* 33 Mich. 466. See, also, *Detroit, L. & L. M. R. R. Co. v. Starnes,* 38 Mich. 700; *Toledo & S. H. R. R. Co. v. Lamphear,* 54 Id. 575.

The case of the *Toledo & A. A. R. R. Co. v. Johnson,* 55 Mich. 456, cited by counsel for plaintiffs, is not in point. In that case the obligation was given to the company, and specified no road-bed or route to be used. It was also held there that the company suing upon the contract must show that it was the legal assignee of the company named in the agreement, and had succeeded to its rights and franchises. The agreement was also to pay to the order of the company.

At the time when the gift in this case was made, the defendant was living and owned property at Elsie. He was presumably interested in a railroad coming to Elsie from Owosso, over the road-bed selected and laid out by the Owosso & Northwestern road. Before the commencement of this suit he had removed from Elsie, although he still owned property there.

It cannot be that he contemplated this donation to any company who might, in any number of years afterwards, build a railroad from Owosso to Elsie, because they might use a portion of the old road-bed. When the obligation was made, work was progressing on this road-bed, it was turned

out for ties already furnished, and everything looked towards a speedy completion of the road upon the line then contemplated.

If after this road-bed had been abandoned for eleven years, and plowed up and cultivated, and the old company dead or dissolved, some other corporation can build a road between the same points, and for this reason, and because it uses a part of the old line, authorize the collection of this obligation, without any connection whatever being shown between the two roads, then I see no reason why it could not be done in twenty or thirty years thereafter. And this seems to have been the view of the circuit judge, as he refused to submit the question of reasonable time to the jury.

As the case stood, judgment should have been entered for the defendant.

The judgment of the circuit court is reversed, and a new trial granted, with costs.

The other Justices concurred.