FIRST METHODIST EPISCOPAL CHURCH OF BURLINGTON, IOWA, Appellant, v. MARY H. SWENY, Appellee.

| 85 | 627 |
|---|---|
| 106 | 179 |
| 85 | 627 |
| 121 | 152 |
| 85 | 627 |
| 136 | 394 |

1. **Religious Societies:** SUBSCRIPTIONS: CONDITIONS: EVIDENCE. In an action by a corporation, organized for religious purposes, for the recovery of moneys held by the treasurer of a society composed of the members of said corporation, and organized for the purpose of raising funds in aid of an enterprise contemplated by the parent society, the defense was that the moneys had been contributed upon a condition which had not been complied with by the plaintiff. In support of such defense, the defendant and others were permitted to testify as to their understanding, and the understanding of others, as to the condition upon which the moneys held by the treasurer were subscribed. *Held*, that the evidence was properly admitted for the purpose of showing what was the general understanding among the members of the corporation in relation to such subscriptions.

2. ———: ———: ———: ———. The condition upon which the defendant alleged said money had been contributed was, that the plaintiff should build a church edifice at the junction of certain streets named. Soon after the organization of the society to which the moneys in question had been paid, the plaintiff's board of officers, having authority to act for the corporation, passed a resolution directing its trustees and building committee to erect a church on the site above named, and no action was taken looking to the change of such site until about two years thereafter. *Held*, that the evidence tended to show that the moneys in question were contributed upon said condition as contended by the defendant.

3. ———: ———: ———. If the plaintiff were entitled to the moneys in question, it would be entitled to maintain an action therefor against the defendant whether the society of which she was treasurer was auxiliary to the plaintiff or an independent society.

4. ———: ———: ———. The defense in such case that the money was contributed upon condition is not personal to the contributors.

*Appeal from Des Moines District Court.*—Hon. Charles H. Phelps, Judge.

Thursday, May 26, 1892.

The plaintiff, a corporation organized "for charitable, religious, and missionary purposes," and whose objects, as declared in its articles, are, "the maintenance of a Methodist Episcopal church in Burlington, Iowa, and the propagation of the gospel according to the doctrine and discipline of said church," brings this action to recover money received and held by the defendant as treasurer of a society known as the "Church Furnishing Society." The plaintiff alleges that said society was organized by the defendant as a subordinate organization; that the defendant was elected treasurer thereof, and as such received six hundred and fifty dollars, which she kept at interest; that Mrs. Sarah J. Simpson was by the plaintiff's authority duly elected to said office of treasurer, the defendant's term having expired; that Mrs. Simpson made demand upon the defendant for an accounting, and for said money and accumulated interest; and that the defendant refused to account for or pay over the same, or any part thereof; wherefore the plaintiff demands judgment for seven hundred and fifty dollars, with interest and costs.

The defendant, answering, admits the organization of the Church Furnishing Society; that she was elected treasurer thereof; and that six hundred and thirty-two dollars and two cents came into her hands as such treasurer, which she still retains. She denies that said society was in any manner subordinate to or under the control of the plaintiff, denies that she was elected treasurer by authority of the plaintiff, or is in any manner responsible or accountable to the plaintiff for the money in her hands; and that the plaintiff has no

claim thereon. She alleges that said society was an independent and voluntary organization, the object of which was "to raise money for the furnishing of a church to be erected on the corner of Fifth and Division streets, in the city of Burlington, Iowa;" that about the year 1885 the project of building a church on that corner was abandoned, and said society stopped further work; that, prior to the commencement of this suit, numerous parties who contributed to the fund in her hands had served written notice that they claimed a portion of the money in her hands, which they had contributed, and notified her not to pay the same to the plaintiff or any person without their consent. Upon these issues the cause was submitted to the court, and judgment entered for the defendant, from which the plaintiff appeals, assigning as errors the admission of certain testimony and the rendering of judgment for the defendant.—*Affirmed.*

*Power & Huston,* for appellant.

*LaMonte Cowles* and *A. H. Stutsman,* for appellee.

Given, J.—The following facts appear without controversy, and will be sufficient to a correct understanding of the questions presented: On and before February 27, 1884, the members and friends of the plaintiff church contemplated the erection of a new church building, and, as the church then owned ground on the corner of Fifth and Division streets, it was assumed and expected by many of the congregation that the new building would be erected thereon. On February 27, 1884, in pursuance of an announcement made from the pulpit, the ladies of the chuch held a meeting, and organized the Church Furnishing Society, composed almost exclusively of lady members of the church, of which society the defendant was elected treasurer. The purpose of the society, as declared in its constitution

and by-laws, was, "to procure funds for the furnishing of the new church on its completion." The place of meeting was fixed to be at the First Methodist Episcopal church, and the pastor and people of that church co-operated with the society in its work. During the year following its organization the society held stated meetings at the church, and gave entertainments there and elsewhere to raise money for the purpose expressed, which meetings and entertainments were previously announced from the plaintiff's pulpit. The amount in question was accumulated by the payment of stated dues by the members of the society, by admission fees to the entertainments, and voluntary contributions. It appears that it was within the power of the quarterly conference to decide upon the location of the new church, and that the first action taken by the conference was after the organization, to-wit March 31, 1884, at which meeting a resolution as follows was offered: "Resolved, that the trustees and building committee be authorized and directed to build a new Methodist Episcopal church on the southwest corner of Fifth and Division streets, on the lots now owned by the church." Final action was not had upon this resolution until the meeting held April 7, 1884, when the resolution was amended by adding the words, "or the northwest corner of Fifth and Division," and by prefixing the words, "that, when we build, it be one of the locations owned by the church." This resolution, as thus amended, was adopted by the conference. At a meeting held April 28, following, action was taken for the raising of funds with which to erect the new church. No further action with respect to the location was taken by the conference until May 31, 1886, when the subject of location was opened up, and continued to be a matter of dispute at several meetings of the conference up to February 6, 1888, when the southeast corner of Washington and Fifth streets was adopted as the location.

The Church Furnishing Society continued to prosecute its work for about one year after its organization, and accumulated six hundred and thirty-two dollars and two cents, the money now in the hands of the defendant. Notwithstanding the action of the conference of April 7, 1884, locating the new church on the corner of Fifth and Division streets, the subject of location continued to be discussed, many of the church members favoring a different location. Owing to this contention, and the delay in raising funds and prosecuting the work on the new church, the society ceased its efforts. Before the commencement of this action, several persons who had contributed to the fund in question told the defendant that, if the church was not located on the corner of Fifth and Division streets, they wanted their money refunded, and several other members of the society authorized her, in writing, to pay the money contributed by them to the Grace Methodist Episcopal church, of Burlington, because of the new church of the plaintiff not having been located on the corner of Fifth and Division streets.

I. The defendant was permitted to testify, over the plaintiffs's objection, her understanding that it had

1. RELIGIOUS societies: subscriptions: conditions: evidence.

been determined at the time the society was organized that the church was to be located on the corner of Fifth and Division streets; that she contributed with that understanding and as to what others told her as to their understanding. There was no error in admitting this testimony. The controlling issue is whether this amount was contributed upon the condition that the new church should be located on the corner of Fifth and Division streets. The contributions were in small sums, and it is not pretended that an agreement was made upon the receipt of each contribution. They were clearly made in pursuance of a general understanding among the members and friends of the church, and this evidence was admis-

sible as tending to show what that general understanding was. It appears that the church being the owner of one lot on the corner of Fifth and Division streets, the propriety of purchasing an adjoining lot was discussed in the quarterly conference some time in 1884.

Presiding Elder Cowles was permitted to testify, over the plaintiff's objection, that it was generally understood by members of the conference and others, that the purchase of the additional lot fixed the location of the new church. We think this evidence was also admissible as tending to show whether the funds in question were contributed upon the condition claimed.

II. The appellant's further contention is that there is no evidence tending to show that the amount in question was contributed upon condition that 2. —: —: the new building should be located upon the corner of Fifth and Division streets. We have seen that the power to fix the location was in the quarterly conference, and that by the adoption of the resolution April 7, 1884, the corner of Fifth and Division streets was adopted as the location. This action of the conference stood unquestioned, so far as its record shows, until May 31, 1886. It is evident that a difference of opinion among the members as to the location became quite marked about the spring of 1885, the time at which the society ceased its efforts. In the face of this record of the conference, we cannot say that there is no evidence tending to show that the funds were contributed on the condition claimed. Indeed, we are inclined to believe that, during the time the society prosecuted its purpose, it was generally understood that this action of the conference was final, and that the new building would be located on the corner of Fifth and Division streets. It is argued that evidence of a general understanding is immaterial, and does not amount to a condition. As we have said, such contributions are always made upon a general

understanding, and not upon specific agreements made with each contributor; but, if the general understanding may be excluded, certainly the authorized action of the conference tended to show the condition, upon which this fund was accumulated, to be as claimed by the defendant.

III. It is contended that the Church Furnishing Society was a mere auxiliary, and subject to the control of the plaintiff church, and therefore the plaintiff is entitled to recover. If the amount was contributed on the condition claimed, then the plaintiff is not entitled to recover, as that condition has not been complied with, but, upon the other hand, has been abandoned. If, however, the fund was contributed for the plaintiff church, it is entitled to recover, even though the organizations are entirely independent. In *Johnson v. Collins*, 14 Iowa, 64, one Freyberger, having money in his hands belonging to the plaintiff, Johnson, left it with the defendant, Collins, who promised to deliver it to Johnson, but failed to do so. It was held that Johnson might maintain an action directly against Collins; "that the law operates upon the act of the parties, creates the duty, establishes the privity, and implies the promise and obligation upon which the action is founded." Following this case, it is clear that, if the money belongs to the plaintiff, it has a right to maintain this action, even though the organizations are independent.

IV. The appellant contends that the defense that the money was contributed upon the condition claimed is personal to the contributors, and cannot be interposed by the defendant. Such a defense goes to the plaintiff's right to recover, rather than to the defendant's right to retain, the money in question. If the money was contributed under circumstances that show that it was given to be used in furnishing a new church to be erected on the corner of

Fifth and Division streets, it is clear that the plaintiff is not entitled to recover. We think that the court was warranted in finding from the evidence that the money in the hands of the defendant was contributed upon the general understanding and condition that it should be applied to the furnishing of a new church to be erected by the plaintiff on the corner of Fifth and Division streets, and that the plaintiff, having failed to erect its church there and abandoned the purpose to do so, it is not entitled to have this amount applied to the furnishing of a church elsewhere, nor to recover the same from the defendant. This conclusion is warranted, not by reason of any right in the defendant to retain the money for herself, but the absence of right in the plaintiff to have it for its uses. How far the defendant may be accountable to the Church Furnishing Society or to the contributors, we do not determine.

The judgment of the district court is AFFIRMED.