## BUCKLEN ET AL. *v.* JOHNSON.

[No. 2,141.    Filed February 25, 1898.]

BILLS AND NOTES.—*Breach of Condition.*— *Waiver.*— *Pleading.*—
Where a complaint on a promissory note conditioned that payee
erect a factory of certain dimensions, averred a breach of condition
therein, and counted on a waiver thereof by payer based upon an
extension of time of payment, a demurrer is properly overruled to
an answer to such complaint which avers that the proposition
under which the note was signed had been withdrawn and a new
contract entered into; that the payee of the note had received the
full amount of donation agreed upon and had no further interest
in the note, and that such note was indorsed to plaintiffs without
consideration, all of which facts were unknown to defendant at
the time the promise relied upon in the complaint was made. *pp.
406–410.*

CONTRACTS.—*Waiver.*—A person cannot be bound by a waiver of his
rights unless such waiver is made distinctly, and with a full knowl-
edge of the rights which he intends to waive.  *pp. 410–420.*

From the Elkhart Circuit Court.  *Affirmed.*

*John M. Van Fleet*, *Vernon W. Van Fleet* and
*Chamberlain & Turner*, for appellants.

*Francis E. Baker* and *Charles W. Miller*, for ap-
pellee.

WILEY, J.—The appellants sued appellee upon the
following instrument: "$500.00.   Elkhart, Ind., May
20th, 1890.   For value received, I promise to pay to
Seneca D. Kimbark or order, the sum of five hundred
dollars, payable at the First National Bank, Elkhart,
Indiana, with 8 per cent. interest after maturity and
attorney's fees, without relief from valuation or ap-
praisement laws.   This note is given in considera-
tion that said payee will remove and locate his entire
manufacturing establishment to the vicinity of
Beardsley avenue and Myrtle street.  Said factory
to be placed in brick buildings, having a floor room of
not less than 80,000 square feet.   This note due and
payable as soon as said buildings are erected and

factory in operation therein.   [Signed.]   R. M. Johnson."

The complaint upon which the case was finally tried was in one paragraph, and averred, in substance, that appellee executed to Seneca D. Kimbark the note sued on, and that said Kimbark indorsed said note in writing to appellants, September 20th, 1891; that said Kimbark complied with all the conditions in said note except that the buildings in which his said factory was placed had a floor room of less than 80,000 square feet, to wit, 57,000 square feet, all of which was well known to appellee; that on September 23, 1891, appellee proposed to appellants that if they would extend the time of payment thirty days, he would pay it at the expiration of said time, which proposition they accepted, and did so extend the time, but that at the expiration of said time, he refused to pay it. There was an averment that said note was due, and a copy of the note and indorsement was filed as an exhibit.   A demurrer to the complaint was overruled, and the appellee answered in two paragraphs.

The first paragraph avers that the note sued on was signed under certain circumtsances, to wit, that said Kimbark proposed to certain citizens of Elkhart, that if they would donate to him six acres of land near the city of Elkhart, and $10,000.00 in money, he would locate his entire manufacturing establishment in said city, to be placed in brick buildings with a floor capacity of not less than 80,000 square feet; that certain of the citizens undertook to procure said donation by subscription, and for such purpose caused notes to be written in blank to be signed by such persons as desired in aid of such subscription; that the note sued on is one of said notes and was signed by appellee, and delivered to one Henry C. Dodge as a subscription to aid in making said donation, upon said proposal.

and not otherwise; that divers citizens signed similar notes as a method of subscribing to said donation under terms of such proposal by said Kimbark, which terms were set forth in said notes as a condition precedent to the payment thereof. That afterwards, and prior to June 30, 1890, Kimbark withdrew his proposal, and refused to carry it out, and abandoned said enterprise, but appellee was ignorant thereof until after the beginning of this action; that on June 30, 1890, plaintiffs and Kimbark entered into a written contract, whereby, for a bonus of $10,000.00, Kimbark agreed to establish his factory at Elkhart, which said contract, among other things, provided that the buildings he was to erect, were to be according to the plans submitted by one Finn; that the plans referred to showed that the buildings to be erected contained only 57,000 square feet of floor room, instead of 80,000, as was originally agreed; that said buildings were erected in substantial conformity to said last contract, and occupied by Kimbark as a factory; that appellee was absent from said city, and had no knowledge of the abrogation of the first contract, until after the beginning of the action; that, after making the last contract, the plaintiffs caused many of the subscription notes to be surrendered to the makers thereof, and obtained new notes pursuant to the terms of the second contract, amounting in the aggregate to $10,500.00; that said last mentioned subscription notes were paid to plaintiffs, amounting to $10,350.00, and that they paid over to Kimbark $10,000.00 donation called for by said last mentioned contract, pursuant to the terms thereof, long before the beginning of this action; that afterwards appellants obtained possession of appellee's said note without his knowledge or consent, and, instead of surrendering it to him, they wrongfully, and without

any consideration, delivered it to said Kimbark, who wrongfully indorsed his name on the back of it without any consideration, and without the knowledge or consent of appellee, and redelivered it to appellants, which is the execution and indorsement of the note alleged in the complaint; that said note was delivered to said Dodge to be by him delivered as a subscription upon said first mentioned agreement, and for no other purpose whatever.

It is further averred that appellee never did make and authorize the delivery of said note to be used as a subscription or donation to the last mentioned agreement; that appellee believed that said note had been delivered to said Kimbark upon and under the terms of said first agreement, and upon the conditions precedent stated in the note, etc. This paragraph of answer is verified, and a demurrer to it was overruled, and appellants excepted. The second paragraph of answer was a general denial, and appellants replied to the first paragraph by a general denial. There was a trial by the court, a special finding of facts, conclusions of law, and judgment for appellee. Appellants have assigned errors in six specifications, but they are all waived by a failure to discuss them, except the fifth and sixth, which are as follows: Fifth. "The court erred in overruling appellants' demurrer to the first paragraph of answer. Sixth. The court erred in its conclusions of law."

Appellants have not furnished us with any authorities in support of their contention that the court erred in overruling their demurrer to the first paragraph of answer, and have not convinced us by their argument that the answer was bad. They contend that the complaint avers a waiver of the conditions of the note, and that the answer does not deny such waiver, but there are averments in the answer which made it good.

Appellee alleges that the proposition under which the note was signed had been withdrawn; that he did not know that Kimbark and appellants had entered into a new contract; that he did not know that Kimbark had removed his factory to Elkhart on the inducement of appellants guaranty and not on the faith of appellee's and others subscription to the first proposition;.that he did not know that Kimbark and appellants had surrendered the first subscription notes given; 'that he did not know that Kimbark had received the $10,000.00 bonus; that he did not know that Kimbark did not have any interest in the note sued on when he indorsed it to appellants; that he did not know that' such note was indorsed and accepted by appellants without any consideration, and that he did not know that $350.00 in excess of the sum agreed to be paid Kimbark, had been collected and was in the hands of appellants. It is true that the complaint avers a waiver, but such averment must be construed to mean a waiver of the facts set out in the complaint. The answer contains many elements pertinent to the matter in controversy, which are not enumerated in the complaint, which we have above specified, and the court correctly overruled the demurrer thereto.

Before considering the sixth assignment of error, it is necessary to state as briefly as possible, the facts found and the conclusions of law stated thereon. The facts as found, so far as they are pertinent to the determination of the question here presented, are as follows: (1) That prior to May 30, 1890, one Kimbark proposed to the citizens of Elkhart, Indiana, to remove his factory from Quincy, Michigan, to Elkhart, if they would donate to him six acres of land as a factory site, and $10,000.00 in money, to be due and payable as soon as the buildings were erected; said buildings

to have a floor capacity of not less than 80,000 square feet; (2) that prior to June 30, 1890, certain citizens of Elkhart undertook to raise $10,000 for such donation by subscription, and caused notes to be printed in blank form to be signed by persons desiring to aid such enterprise, said blank notes being of the tenor of the note sued on; that subscriptions in excess of $10,000 were procured from solvent persons, by the execution of notes, and the appellant Bucklen to donate the real estate for the factory site.     (3)    That on May 20, 1890, at the request of Henry C. Dodge, one of the persons who was soliciting subscriptions, appellee executed the note in suit; that said note was delivered to Dodge by appellee to be delivered to Kimbark upon the terms expressed therein; that said note was delivered to Kimbark; that prior to September 23, 1891, said Kimbark removed his factory to Elkhart; that it was placed in brick buildings having a floor space of less than 80,000 square feet, to wit, 57,000 square feet; that prior to said last-named date said factory was in operation, and that all of said facts were known to appellee prior to September 21, 1891.    (4)  That after the matters stated in findings 1 and 2 had occurred, and prior to June 30, 1890, Kimbark withdrew said proposal and refused to carry out, or attempt to comply with the terms thereof, and abandoned the propositions contained in said suscriptions, of which facts appellee was ignorant until after the suit was brought; that at such time none of said subscription notes had been delivered to Kimbark, and were not under his control, but were in the control of the citizens who solicited said subscriptions.    (5) That on June 30, 1890, the appellants and Kimbark entered into a contract in writing, whereby Kimbark agreed and proposed to locate his factory at Elkhart for a bonus of $10,000, which appellants represented

as being subscribed, and which they guaranteed as good and collectible; that the buildings were to be erected in comformity to the plans submitted by one Finn, and to be occupied by Kimbark as soon as completed, and to be completed in September following; also that appellants were to cause to be conveyed to him certain real estate as a factory site; that the plans referred to showed that the buildings to be erected were to contain about 60,000 square feet of floor room; that prior to September 1, appellants paid to Kimbark $10,000, and conveyed to him the real estate provided for in the contract. (6) That prior to September, 1891, appellants surrendered to the makers most of the subscription notes taken under Kimbark's first proposal, and procured new ones to aid in carrying out the terms of the agreement of June 30, 1891, and collected thereon $10,350 but appellee did not know thereof until after the present action was commenced. (7) That prior to September 20, 1891, said subscription notes were in the possession of the First National Bank of Elkhart, including the note sued on, for and on account of appellants, and on that day Kimbark indorsed said note to appellants in writing, at said bank, and left it there for appellants. (8) That until after this suit was commenced appellee did not know that appellants and Kimbark had entered into the written contract of June 30, 1890, nor that appellants had received $10,350 from citizens to aid in carrying out the contract. (9) That on September 23, 1891, after appellee had learned that his note had been indorsed to appellants, and after he had knowledge that all the conditions of said note had been complied with, except that said factory did not have a floor capacity of 80,000 square feet, appellants requested appellee to pay the note; that appellee thereupon agreed with

appellants that if they would extend the time for thirty days, he would pay it, and that at the expiration of said time, to wit, October 23, 1891, he refused to pay said note on the sole ground that said factory did not have a floor capacity of 80,000 square feet. The court further found that appellee waived said condition in the note, by the agreement resulting in the extension of the time of payment. (10) That said note became due October 23, 1891, that a reasonable attorney's fee was $85.00, and that the whole amount due on said note was, including attorney's fees, $755.00. As a conclusion of law the court stated that appellants were not entitled to recover, and rendered judgment for appellee.

This is the second appeal of this case. In the former appeal the appellee here was appellant. *Johnson* v. *Bucklen,* 9 Ind. App. 154. Appellant insists that the decision in the former appeal is the law of the case to the end, and such is unquestionably the rule. But in the former appeal there were but two questions decided:

(1) That the complaint stated a good cause of action, in that the facts pleaded constituted a waiver of the conditions precedent stated in the note, and (2) That the facts found by the court were so defective that a judgment could not be rendered thereon in favor of appellees, and the judgment was reversed.

In so far as any question there decided is concerned, it constitutes the law of the case. In that appeal no question arose as to the answer, and therefore none was decided. But the record shows that after reversal and the case was remanded to the court below, an amended complaint was filed and a new answer.

We have said that the demurrer to the answer was correctly overruled, and it is now for us to determine,

from all the pleadings, the special findings of fact, and the conclusion of law, whether the record presents any error for which the judgment should be reversed.

Appellants insist that after the indorsement of the note to them by Kimbark, the appellee's promise to pay it if they would extend the time of payment for thirty days, constituted a new contract, and thus brings the case within the rule announced in *Brown* v. *First National Bank*, 115 Ind. 572.   We do not think so.   In that case it was held that where the maker of a promissory note, not governed by the law merchant, agrees with the assignee thereof, to whom the note was signed before maturity, that if the latter would extend the time of payment for a definite term, he would pay the same at the expiration of such period, and the time was so extended, such promise of the maker, constituted a new contract, binding in law, and capable of enforcement, though the maker had a good defense to the note before its assignment. There the note was transferred before maturity, and for a valuable consideration.   It is urged by appellants that the proposals of Kimbark, stated in the first finding, were merged in the note sued on, and after its execution it became the contract between the parties, which could not be varied by parol evidence. Ordinarily this is true, but there are exceptions.

In cases of the character we are now considering,— subscriptions or donations to enterprises,—the whole contract enters into the subscription contract, note or paper, whether written therein or not.   Even in ordinary promissory notes, or other written promises to pay money, it is competent to show by parol what the consideration was, or whether or not there was any consideration upon which such writing was executed.

The answer avers that the note in suit was given as a donation to make up the sum of $10,000.00 to aid an enterprise to be established at Elkhart; that divers citizens subscribed to the fund, and that such subscriptions were in pursuance to an agreement between Kimbark and certain citizens; that the note was delivered to one Dodge, to be delivered to Kimbark, under the conditions of the agreement; that Kimbark withdrew his original proposition and abandoned it, and a new contract was made, and many of the original notes surrendered and canceled, of which facts appellee was ignorant until after suit was commenced; that new notes were taken, and $10,350 collected thereon, $10,000 of which were paid to Kimbark, being the entire amount due him under the contract,—all of which was unknown to appellee, when he promised to pay his note if the time of payment should be extended; that appellants wrongfully and without his knowledge or consent, got possession of the note in suit, and without his knowledge or consent, delivered the same to Kimbark, who wrongfully and without consideration and without his knowledge or consent, indorsed it to appellants.

The answer further avers that appellee delivered the note to Dodge, to be delivered as a subscription upon the first mentioned agreement, and for no other purpose, and never authorized its delivery to be used as a subscription or donation to the last mentioned agreement; that on the several times of each of the conversations as alleged in the complaint, the statements and promises made by him, he supposed and believed that the note had been delivered to Kimbark upon and under the terms of said first contract, and upon the conditions precedent in said note, and, but for such belief, he would not have made such statements, etc.

The findings of the court fully sustain every material averment of the answer.   A sum of $350.00 in excess of the $10,000, paid to Kimbark, had been collected upon subscription, and hence, under the contract, Kimbark had no right of action against appellee upon his note.   If there was any right of action existing against appellee, it was in his co-subscribers, who had paid, for their proportionate part of his subscription, as for contribution.   Under the findings this right did not exist in appellants, for, so far as the record shows, they were not subscribers to the fund, nor did they pay any sum toward it.

Bearing upon the propositon that a written contract may be varied by parol evidence, we cite the following:   *Burton* v. *Morrow,* 133 Ind. 221, 227; *Kentucky and Indiana Bridge Co.* v. *Hall,* 125 Ind. 221; *Wolfe* v. *McMillan,* 117 Ind. 592; *Armstrong* v. *Cook,* 30 Ind. 22; *Welz* v. *Rhodius,* 87 Ind. 1, 44 Am. Rep. 747.

It is apparent from the whole record, and especially from the finding of facts, that the note in suit was one of many that had been executed in aid of a certain enterprise, and were given in pursuance to a contract between appellants and Kimbark.   The terms of that contract were known to appellee when he executed the note, and, in the sense of being in aid of the execution of that contract on the part of appellants, must be considered a part of it.   The note was given under Kimbark's first proposal or agreement, and not upon the second, and the one that was finally consummated.

The second proposal or agreement differed materially from the first, and while Kimbark could make a new contract for himself, he could not make a new contract for appellee, and bind him thereby, without his knowledge or assent thereto.   Such material

change invalidates the contract. A proposition so plain and elementary hardly requires to be supported by authorities, but we cite the following: *Palmer* v. *Poor,* 121 Ind. 135, 6 L. R. A. 469; *Weir Plow Co.* v. *Walmsley*, 110 Ind. 242; *Weed Sewing Machine Co.* v. *Winchel*, 107 Ind. 260; *Plank's Tavern Co.* v. *Burkhard*, 87 Mich. 182, 49 N. W. 562; *M. E. Church* v. *Sweny*, 85 Iowa 627, 52 N. W. 546; *Sickels* v. *Anderson*, 63 Mich. 421, 30 N. W. 78. Many additional authorities might be cited, but it is unnecessary.

If appellants have any right of action here, it rests solely upon the promise of appellee to pay the note, if they would extend the time of payment thirty days. At the time Kimbark indorsed the note to appellants, he had no right of action under it, for the reason he had already been paid the entire consideration guaranteed to him by his contract with appellants, and as he had no right of action, his indorsement of the note to appellants did not carry with it, or vest in them, any right of action, for he could not transfer a right he did not possess.

There is no averment in the complaint and no finding that any consideration passed to Kimbark from appellants on account of the indorsement of the note to them. We must assume from the complaint itself that appellants recognized the fact that they could not recover on the note, for it is averred that appellee proposed to the appellants that if they would extend the time of payment thirty days, he would pay it at the expiration of said time. Hence it is plain that they rest their right to recover wholly upon the promise to pay, in consideration of their extending the time of payment. This promise to pay was without any consideration, for where there is a promise to pay money, in consideration of an extension of time of

payment, and an agreement to forbear, when there is no legal cause of action, such promise or agreement is *nudum pactum* and void.

The question of estoppel cannot arise, for appellants did not invest any money or other thing of value on appellee's promise to pay, if they would extend the time of payment. The note in controversy was not negotiable by the law merchant, and appellee would have the same defense to it in the hands of appellants, that he would in the hands of the original payee. Suppose that Kimbark had not indorsed the notes to appellants, and after its maturity appellee had agreed to pay it if the time of payment was extended for thirty days; would it be contended that such promise was based upon a sufficient consideration, so that Kimbark could enforce it? We think not. In *Davis* v. *Stout*, 126 Ind. 12, 22 Am. St. 565, it was held, that where an action had been commenced upon a promissory note, and an agreement in writing made to extend the time of payment for a definite period, upon payment of a certain sum, and 'a dismissal of the action, such agreement was without consideration. The question in that case arose as to whether or not the surety was released by virtue of the extension, and it was held that she was not, because there was no consideration for the extension. As bearing upon the question, see, also, *Warey* v. *Forst*, 102 Ind. 205; *Emery* v. *Royal*, 117 Ind. 305; *United States Mortgage Co.* v. *Henderson*, 111 Ind. 24; *Mulholland* v. *Bartlett*, 74 Ill. 58. We conclude, therefore, that appellee's promise to pay, upon appellants extending the time, did not constitute an enforcible contract. As we have above remarked, the note passed to the appellants after its maturity.

The complaint avers that the appellee waived the condition in the note that Kimbark's factory was to

contain a floor capacity of 80,000 square feet, with full knowledge that it contained only 57,000 square feet, and this averment of the complaint is sustained by the express finding of the court. A waiver can only arise where a party acts with a full knowledge of all the material facts upon which the waiver rests.

In the case before us, appellee waived the shortage in the floor capacity of the factory, because he knew of such shortage, but he did not waive the affirmative matters alleged in his answer, for he charges that he did not know of them, and the findings support the answer. He did not know that the proposition or agreement under which the note was given had been withdrawn and abandoned by Kimbark, and that a new contract had been entered into between Kimbark and appellants. He did not know that Kimbark and appellants had surrendered and canceled the notes given by others, under the same conditions and circumstances as those upon which appellee gave his note. He did not know that Kimbark, the orginal payee, had then received the $10,000.00 which appellants promised and guaranteed to him. He did not know that $350.00 in excess of the sum paid Kimbark had been collected on subscriptions, and was then in the hands of appellants, and he did not know that Kimbark had no pecuniary interest in the note in suit when he indorsed it to appellants. All these facts appellants knew, and appellee was ignorant of them when he made his subsequent promise to pay, if the time of payment should be extended.

That Kimbark had no pecuniary interest in the note when he indorsed it to appellants, is evident from the fact that he had then received all that he was entitled to receive under his contract. A waiver is the intentional relinquishment of a known right. A person cannot be bound by a waiver of his rights,

unless such waiver is made distinctly, and with a full knowledge of the rights which he intends to waive. 28 Am. and Eng. Ency. of Law, 526, 527. Mr. Bishop states the rule as follows: "Waiver is where one in possession of any right, whether conferred by law or by contract, and of full knowledge of the material facts, does or forbears the doing of something inconsistently with the existence of the right or of his intention to rely upon it; thereupon he is said to have waived it, and he is precluded from claiming anything by reason of it afterwards." Bishop on Contracts (ed. 1887), section 792.

In many cases it has been held that a waiver must be an intentional act, with knowledge of the facts. *Darnley* v. *London, etc., R. W. Co.*, L. R. 2 H. L. 43, 57; *Traynor* v. *Johnson*, 1 Head (Tenn.) 51; *Fuller* v. *Bean*, 34 N. H. 290; *Farlow* v. *Ellis*, 15 Gray (Mass.) 229; *Smith* v. *Dennie*, 6 Pick. (Mass.) 262; *Hammett* v. *Linneman*, 48 N. Y. 399; *Hoxie* v. *Horne Ins. Co.*, 32 Conn. 40; *Lewis* v. *Phœnix, etc., Ins. Co.*, 44 Conn. 91; *West* v. *Platt*, 127 Mass. 372; *Holdsworth* v. *Tucker*, 143 Mass. 374, 9 N. E. 764.

The facts found by the trial court fully sustain appellee's first paragraph of answer, and the conclusion of law stated thereon, correctly declared the rights of the parties. Judgment affirmed.