THE LELAND NORWEGIAN LUTHERAN CONGREGATION IN WIN-
NEBAGO COUNTY, IOWA, Appellant, v. L. L. LARSON.

Church Subscription:   CONDITION:   ENFORCEMENT OF PAYMENT.
Where one agrees to pay a sum of money for the benefit of a
church organization, conditional on the formation of a con-
gregation entirely independent of the churches from which its
membership is drawn, and the organization thereafter separ-
ates along the line of former church government and divides
its property, payment of the subscription cannot be enforced.

*Appeal from Winnebago District Court.*—HON.   J.   F.
CLYDE, Judge.

THURSDAY, OCTOBER 8, 1903.

ACTION at law to recover of the defendant $75 sub
scribed toward the building of a church.    Trial to the
court, and judgment for the defendant.    The plaintiff
appeals.—*Affirmed.*

G. H. *Belsheim* for appellant.

H. A. *Brown* for appellee.

SHERWIN, J.—The Synod Lutheran Church and the
United Lutheran Church are wholly distinct and separate
church organizations, having different governing bodies,
and different confessions.    Both, however, base their faith
and teachings on the Bible and on the same canonical and
symbolical books.    There is some difference in the
doctrinal belief of the two churches, but there is no mater-
ial difference in their form of service or in their church
government.    In the early summer of 1898, members of
both churches, residing in and around Leland, agreed to
unite and form a congregation which should be entirely
free and independent, absolutely nonpartisan, and without
affiliation with either the Synod Luthern Church or the

United Luthern Church.    Pursuant to this agreement, a corporation was formed, which included members of both churches, and subsequently subscriptions were secured for erecting a place of worship; the defendant being among the subscribers thereto, and a member of the Synod Lutheran Church.    When the church building was partially completed, and on the 2d of November, 1898, the members of the congregation met for the purpose of selecting a pastor to minister to the moral and spiritual welfare of the new congregation.    They could not agree, however, and divided along the line of previous church connections. It was then mutually agreed that it would be better to separate, and to divide the property held in common, and an agreement was reached whereby the United Lutheran people were to keep the building, and to pay the Synod Lutheran people, who withdrew, the sum of $300, and, in addition thereto, to return the subscriptions paid by them. This agreement was carried out in good faith and temper, and afterwards the Synod Lutheran Church congregation of that locality built a church of its own, and the plaintiff is in fact under the government of the United Lutheran Church.    The evidence conclusively shows that the defendant's subscription was conditioned upon the establishment of a congregation entirely free and independent of the churches from which its membership was drawn, and that such condition was not performed, because the building so built is not now owned or used by the congregation for whose benefit the subscriptions were made.    This, alone, would be sufficient to defeat a recovery by the plaintiff.    *M. E. Church v. Sweny*, 85 Iowa, 627; *Keys v. Weaver*, 95 Iowa, 13.    That such was the understanding of all parties at the time of the separation and division on the 2d of November admits of no doubt, and that the plaintiff does not now represent such a congregation as was contemplated by the subscriptions is equally as clear.

The judgment of the district court is therefor AFFIRMED.