# JUNE TERM, 1904.

ILGENFRITZ v. TOLEDO & MONROE RAILWAY.[1]

ESTOPPEL—RAILROADS—STREETS—ADDITIONAL SERVITUDE.

> Where the owner of a city lot accepted damages from a street-railway company for raising the grade in front of his premises, knowing that the road was to be operated by a railroad company, he is estopped to assert that such use of the street by the railroad company imposed an additional servitude.

Appeal from Monroe; Chester, J. Submitted October 21, 1903. (Docket No. 49.) Decided June 7, 1904.

Bill by Charles A. Ilgenfritz and others against the Toledo & Monroe Railway, the Monroe Traction Company, and others, to restrain the operation of a railroad in a certain street. From a decree dismissing the bill, complainants appeal. Affirmed.

*Willis Baldwin*, for complainants.

*C. A. Golden*, for defendants.

MOORE, C. J. This bill is filed to restrain the Toledo & Monroe Railway from operating a railroad in Elm avenue across complainants' premises without compensation. The Toledo & Monroe Railway first attempted to lay this line, but was restrained. The Monroe Traction Company was organized with a capital of $10,000. It obtained a franchise from the city, and then authorized the Toledo & Monroe Railway to construct and operate this line. The bill in this case was filed before this line was completed or in operation. The bill alleges that the Monroe Traction Company is only a pretense, the sole purpose of which organization was to obtain a franchise, and under color of

[1]Rehearing denied October 28, 1904.

its name allow the Toledo & Monroe Railway to lay its tracks and operate a line on Elm avenue, to avoid paying compensation to abutting owners for damages.

On September 25, 1899, the council of Monroe City granted a franchise to Mr. Black and others to construct and operate a street railway on Monroe and Anderson streets, but not upon Elm avenue. Monroe street was the entrance of the Toledo & Monroe Railway line from Toledo. This franchise was assigned to the Toledo & Monroe Railway after its incorporation, and thereafter, June 3, 1901, the council assented to this assignment so far as the city had any rights. The Toledo & Monroe Railway built this line from Monroe to Toledo. Prior to the incorporation of the Monroe Traction Company, Charles A. Ilgenfritz, one of the complainants here, obtained an injunction against the Toledo & Monroe Railway from extending its line on Elm avenue in front of his premises (not the premises in question) without compensation, and pulled up part of the Toledo & Monroe track.

Mr. Black and others secured a franchise from the city to construct and operate a street railway down Elm avenue from said Monroe street easterly to reach the lake. This franchise was over the complainants' property involved in this suit. This franchise contemplated that the same company which operated the main line should also operate this line. The company obtained many releases for the line·on Elm avenue, but complainants, among others, refused to release. On April 16, 1901, the Monroe Traction Company was organized, having a par value capital stock of $10,000. Immediately after the organization of the Monroe Traction Company, the city, on May 6, 1901, consented to the transfer of the franchise to the Monroe Traction Company. The line was built to the lake thereafter over complainants' premises, and has since been operated by the Toledo & Monroe Railway, and not by the Monroe Traction Company.

In the spring of 1902 the Toledo & Monroe Railway applied to and the State Crossing Board granted permis-

sion to construct a grade crossing over the Lake Shore & Michigan Southern Railway on Elm avenue. The board fixed the grade and conditions, and this grade was upon the land of complainants in question. The Toledo & Monroe Railway furnished and hauled the dirt to make the grade. When the Toledo & Monroe Railway proceeded to construct the grade across complainants' premises, complainants filed another bill against the Toledo & Monroe Railway and the Monroe Traction Company. Both of these cases were heard together. The court dismissed complainants' bill in this case upon the ground that the Toledo & Monroe Railway could operate this line to the same extent that the Monroe Traction Company could. In the last case the Monroe Traction Company was ordered to make compensation for raising the grade only, but not for any damages by reason of additional servitude. The damages provided in that decree for raising the grade of the street have been determined and paid. The case is brought here by appeal.

The complainants claim:

1. That a railroad organized under the general railroad law cannot take or operate a street railway.

2. The operation of this line is an additional servitude upon the land, for which complainants are entitled to compensation.

3. The action in incorporating the Monroe Traction Company was so clearly a subterfuge that it should avail nothing.

Defendants say the Monroe Traction Company built the line on Elm avenue under the provisions of its franchise, and that it has been operated pursuant to the terms of that franchise, and that the complainants are not entitled to damages as abutting owners because of the construction and operation of the Elm-avenue line. Defendants also claim the Monroe Traction Company had a right to connect its railway with the Toledo & Monroe Railway, and the two companies were authorized by law to make the arrangement for the operation of the traction line by the

Toledo & Monroe Railway; citing 2 Comp. Laws, § 6432. Defendants also claim the proceedings taken to incorporate the Monroe Traction Company were in compliance with the statute, and that the corporate existence of the Monroe Traction Company, and the legality and regularity of its incorporation, cannot be questioned by the complainants in this suit, and can only be raised by a proceeding instituted under authority of the State; citing *Toledo & Ann Arbor R. Co.* v. *Johnson*, 55 Mich. 456 (21 N. W. 888); *Wilcox* v. *Railroad Co.*, 43 Mich. 584 (5 N. W. 1003); *Detroit, etc., R. Co.* v. *Starnes*, 38 Mich. 698. That the city of Monroe recognized the corporate existence of the Monroe Traction Company by granting to it a franchise for the construction of the line on Elm avenue; that the complainants also recognized the corporate existence of the Monroe Traction Company, and its authority to construct and own a railway in Elm avenue, by granting to it the right to raise the grade of Elm avenue opposite their premises for the purposes of its railway for a money consideration paid to and accepted by them; and that, if the question of the corporate existence of the Monroe Traction Company were material, and could be raised in this case by the complainants, they would be estopped by the acceptance of the money so paid to them by the Traction Company.

In our view of the case, the last point suggested by the defendants is the only one we need to consider. The bill before us is an injunction bill. The railway has been built. It has been operated by the Toledo & Monroe Railway, and, according to the claim of counsel for complainants, by no one else.' An overhead crossing of a steam railroad has been made, and it is the claim of complainants that this was done by the Toledo & Monroe Railway, and that the Monroe Traction Company existed only on paper. On the 25th of May, 1902, the circuit judge enjoined the Monroe Traction Company, its assigns or lessees, from maintaining any embankment on Elm avenue across complainants' premises, unless the said Monroe Traction

Company should take proceedings to ascertain the damages under the statute or by mutual agreement. The decree in that case was filed the same day the decree in this case was filed. No appeal was taken from that decree. In the case here it is stipulated as follows:

" In the case at bar the lower court dismissed complainants' bill. In the latter case, disposing only of the question of raising the grade, it enjoined the defendants from raising the grade until due compensation had been made, which has been done, and the latter case settled."

When the complainants, instead of appealing from both decrees, acquiesced in one of them, and allowed the due compensation to be determined, and accepted it, knowing the Toledo & Monroe Railway was making such use as was made of the road, we think they are estopped from saying that the Monroe Traction Company existed only on paper. We also think it inequitable for them to accept compensation for making the embankment when its purpose was to enable the road to be operated, and at the same time insist that the operation of the road must be discontinued by the Toledo & Monroe Railway in the manner authorized by the franchise of the Monroe Traction Company, because the Toledo & Monroe Railway is not authorized to operate a street railway as such, or as part of its through line, without compensation to the abutting owners, because it imposed an additional servitude.

The decree is affirmed, with costs of this court.

The other Justices concurred.